IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

KARL P. LIZZA, GARY L. DEAN,    )   CIV. NO. 13-00190 HG-BMK
JOHN J. MAUCH, individually and )
on behalf of all others        )
similarly situated,            )
                               )
                               )
          Plaintiffs,          )
                               )
                               )
     vs.                       )
                               )
                               )
DEUTSCHE BANK NATIONAL TRUST    )
COMPANY and DOE DEFENDANTS 1-   )
50,                            )
                               )
          Defendants.          )
                               )
                               )
                               )
                               )
                               )
                               )
                               )
_____ )


**ORDER DENYING PLAINTIFFS' MOTION FOR AN ORDER OF REMAND**
**(ECF No. 34)**


     Plaintiffs, individually and on behalf of all others

similarly situated, brought suit in Hawaii State Court against

Defendant Deutsche Bank National Trust Company. Plaintiffs allege

that Defendant engaged in improper and deceptive practices

related to the non-judicial foreclosures of Plaintiffs'

properties. The case was filed as putative class action, but has not yet progressed to certification.

Defendant removed the action to Federal Court.

Plaintiffs moved to remand the action to Hawaii State Court. (ECF No. 34.)

Plaintiffs' Motion for an Order of Remand (ECF No. 34) is **DENIED.**

## PROCEDURAL HISTORY

On March 12, 2013, Plaintiffs Karl P. Lizza, Gary L. Dean, and John J. Mauch, individually and on behalf of others similarly situated, filed a Complaint in the Circuit Court of the First Circuit of the State of Hawaii.

On April 22, 2013, Defendant Deutsche Bank National Trust Company removed the action to the Hawaii Federal District Court. (ECF No. 1.) Defendant asserted federal jurisdiction, based on complete diversity, 28 U.S.C. § 1332(a), and the Class Action Fairness Act, 28 U.S.C. § 1332(d).

On May 22, 2013, Plaintiffs filed a Motion for an Order for Remand to State Court. (ECF No. 34.)

On May 24, 2013, the Court issued a Minute Order, setting a Hearing on the Motion for Remand for July 3, 2013. (ECF No. 36.)

On June 10, 2013, Defendant filed an Opposition to the Motion for Remand. The Opposition raised federal question jurisdiction, pursuant to 28 U.S.C. § 1331, as an additional basis for federal jurisdiction. (ECF No. 43.)

On June 24, 2013, Plaintiffs filed a First Amended Complaint. (ECF No. 44.)

On June 25, 2013, Plaintiffs filed a Reply Memorandum in support of their Motion for Remand. (ECF No. 45.)

On June 27, 2013, Defendant filed a document entitled "Submission Pursuant to LR 7.8." The Filing contained numerous cases that Defendant wished to rely on in opposing Plaintiffs' Motion for Remand, which were not cited in the Memorandum in Opposition, filed on June 10, 2013. (ECF No. 46.)

On the same day, the Court received a Letter from Defendant, requesting a status conference and additional briefing concerning issues raised by Plaintiffs' First Amended Complaint and Reply Memorandum in support of their Motion for Remand. (ECF No. 47.)

On June 28, 2013, the Court issued a Minute Order, allowing the Parties to brief the issues raised by the filing of the First Amended Complaint and Defendant's June 27, 2013 Letter and Filing. Defendant was ordered to include the cases listed in the June 27, 2013 Filing (ECF No. 46) in a Memorandum of Law. The Hearing on the Motion for Remand was continued to July 24, 2013. (ECF No. 48.)

3

On July 9, 2013, Defendant filed a Sur-Reply, in further opposition to the Motion for Remand. (ECF No. 54.)

On July 16, 2013, Plaintiffs filed a Response, in further support of their Motion for Remand. (ECF No. 56.)

On July 24, 2013, the Court held a hearing on the Motion for Remand. The Court ruled that it lacked complete diversity jurisdiction and federal question jurisdiction over the action. The Court found that the Class Action Fairness Act, 28 U.S.C. § 1332(d), provided the only possible basis for federal jurisdiction. The issue of CAFA jurisdiction was taken under submission. (ECF No. 57.)

The Court, after review of the filings and argument, finds jurisdiction pursuant to the Class Action Fairness Act. The Motion for Remand is **DENIED.**

## BACKGROUND

Plaintiffs Karl P. Lizza, Gary L. Dean, and John J. Mauch brought a putative class action against Defendant Deutsche Bank National Trust Company ("Deutsche Bank"), on behalf of themselves and all others similarly situated. Plaintiffs allege that their mortgages and/or notes for residential real properties in Hawaii were unlawfully assigned to Defendant Deutsche Bank, who then non-judicially foreclosed upon the properties.

4

The mortgages and/or notes in dispute were originally issued to Plaintiffs by subsidiaries of New Century Financial Corporation ("New Century"). New Century filed bankruptcy proceedings in April 2007. On August 1, 2008, the Bankruptcy Court appointed a trustee in liquidation.

Plaintiffs allege that New Century was required to receive approval from the trustee in liquidation before New Century could assign Plaintiffs' mortgages and/or notes to Defendant Deutsche Bank. Plaintiffs claim that New Century unlawfully assigned Plaintiffs' mortgages and/or notes to Defendant Deutsche Bank after August 1, 2008, without the required approval of the trustee in liquidation. (Compl. at ¶¶ 7, 27-28, ECF No. 1.)

On March 12, 2013, Plaintiffs filed suit in Hawaii State Court, alleging various unfair and deceptive practices related to the allegedly unlawful assignments and subsequent non-judicial foreclosures of Plaintiffs' properties. (Compl. at ¶¶ 35-42, ECF No. 1.)

Defendant timely removed the action to the United States District Court for the District of Hawaii.

Plaintiffs moved for remand.

The Court ruled, at the hearing on the Motion for Remand, that the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), provides the only possible basis for federal jurisdiction.

**STANDARD OF REVIEW**

An action pending in state court may be removed, pursuant to 28 U.S.C. § 1441, to the federal district court embracing the place where the action is pending, when the federal court would have original jurisdiction over the action. 28 U.S.C. § 1447(a); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir.1996). Removal statues are strictly construed. Any doubt as to the right of removal should be resolved in favor of remand. Id.

A plaintiff may challenge removal by filing a motion for remand. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). The "strong presumption" against removal places the burden on the defendant, who opposes remand, to show that removal was proper. Id. at 1244 (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

**ANALYSIS**

**I.    THE CLASS ACTION FAIRNESS ACT**

The Class Action Fairness Act ("CAFA"), enacted in 2005, vests federal district courts with original jurisdiction of any civil action in which (1) the aggregate number of proposed plaintiffs is one hundred or greater, (2) any member of the

6

plaintiff class is a citizen of a state different from any defendant, and (3) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d); Standard Fire Ins. Co. v. Knowles, –U.S.–, 133 S.Ct. 1345, 1348 (2013). The burden of establishing removal jurisdiction under CAFA remains on the proponent of federal jurisdiction. Abrego v. Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006)(per curiam).

The minimal diversity requirement is not at issue here. Plaintiffs Lizza and Mauch are citizens of Hawaii. Defendant Deutsche Bank is a citizen of California, where its main office is located. Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303 (2006).

**A.  Class Size**

A proposed class must have one hundred or more members to establish federal jurisdiction, pursuant to CAFA. 28 U.S.C. § 1332(d)(5)(B). The removing defendant has the burden of proving that the class size threshold has been met.[1] Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1020-21 (9th Cir. 2007).

---

[1]    Defendant claims that Plaintiffs have the burden of proof with respect to class size, by relying on several district court cases from the Fifth Circuit and a Senate Report on CAFA. (Defendant's Sur-Reply at pgs. 10-13, ECF No. 15.) The Ninth Circuit Court of Appeals has specifically differentiated its approach to the burden for the class size requirement from the Fifth Circuit's approach. Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1020-21 n.3 (9th Cir. 2007).

Plaintiffs' putative class is defined as mortgagors who owned real property in Hawaii: (1) whose original lender was either New Century or Home 123; (2) whose mortgage was allegedly assigned by New Century or Home 123 to Defendant Deutsche Bank after August 1, 2008; and (3) whose property was subsequently non-judicially foreclosed upon, pursuant to Haw. Rev. Stat. Ch. 667. (Compl. at ¶ 7, ECF No. 1.)

Defendant submitted evidence, from the Hawaii Bureau of Conveyances, identifying ninety-three non-judicial foreclosure transactions, which Plaintiffs agree, fall within the class definition. Over thirty of the ninety-three transactions involve more than one mortgagor. (Opp. Ex. KK, ECF No. 43.)

At the hearing on the Motion for Remand, the Parties raised the issue that their Filings incorrectly focused on the number of non-judicial foreclosure transactions, rather than on the number of mortgagors/owners affected by those transactions. (Tr. 6:9-17, Jul. 24, 2013, ECF No. 58.) Plaintiffs conceded, at the hearing, that Defendant has presented sufficient evidence to establish that the putative class size meets the jurisdictional minimum of at least one hundred class members. (Tr. 10:6-12, 15:3-4, 28:24-25, ECF No. 58.)

Defendant Deutsche Bank has sufficiently established that the action satisfies CAFA's class size requirement. 28 U.S.C. § 1332(d)(5).

8

### B.    Amount in Controversy

The aggregate amount of the class members' claims must exceed $5-million to establish federal jurisdiction, pursuant to CAFA. 28 U.S.C. § 1332(d)(2).

A defendant must establish the amount in controversy by a preponderance of the evidence. Rodriquez v. AT & T Mobility Servs. LLC, No. 13-56149, – F.3d –, 2013 WL 4516757 (9th Cir. Aug. 27, 2013). Jurisdiction cannot be based on a defendant's speculation and conjecture, but a defendant is also not obligated to research and prove an exact amount of damages. Lowdermilk, 479 F.3d at 1002; Steele v. W.W. Grainger, Inc., No. 13cv895, 2013 WL 2481476, at * 3, (S.D.Cal. Jun. 10, 2013).

The Court may rely on the face of the Complaint to determine if the amount in controversy meets the jurisdictional minimum. The Court may also consider facts in the removal petition and may require parties to submit summary judgment type evidence relevant to the amount in controversy at the time of removal. Abrego, 443 F.3d at 690 (quoting Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997)). Post-removal admissions may also be considered. Id. at 691.

### Damages Alleged in the Complaint

Plaintiffs seek the following damages, arising from Defendant's alleged violations of Haw. Rev. Stat. Ch. 480:

9

(1) **lost net equity** in the properties or decrease in
net worth due to the sale in a distress sale system, as
measured by the difference in the fair market value of
the property and the price at which it was wrongfully
auctioned by Defendants;

(2) **lost use** of properties from and after the date they
lost possession due to the foreclosure sale up until
the date of judgment, measured by fair market rental
value for the period of lost use; and

(3) **incurred expenses in moving and relocating**, all in
amounts to be proved at trial.

(Compl. at ¶ 43, ECF No. 1.)

Plaintiffs seek the **return of profits** Defendant made by
virtue of its allegedly wrongful conduct, to prevent unjust
enrichment. Plaintiffs assert that a constructive trust should be
imposed on the proceeds and/or properties remaining in
Defendant's possession. (Compl. at ¶¶ 45-46.)

Plaintiffs also claim they are entitled to **treble damages,
punitive damages, and attorneys' fees**. (Compl. at ¶¶ 47-48, pg.
15.)

### Calculating the Amount in Controversy

The Parties, in determining the amount in controversy,
dispute how to interpret Plaintiffs' claim for return of profits.
Defendant asserts that Plaintiffs are seeking the gross proceeds
of the property sales, without accounting for the amount owed on
the mortgages. Defendant's position is based on Plaintiffs'

request for the imposition of a constructive trust on all proceeds of sales.

Plaintiffs claim that they seek only the net proceeds of sales, after subtracting the amount owed on the mortgages.

The Court, having heard the Parties' oral argument on the issue, finds that the Complaint does not seek the gross proceeds of sales. Plaintiffs request a constructive trust on all sales proceeds to protect their interests, not as an assertion of entitlement to all proceeds of sales. (Tr. 16:1-21, 20:6-15, ECF No. 58.) Defendant may not establish the amount in controversy by showing that the gross sale proceeds exceed $5-million.

Defendant offers appropriate calculations, however, to support its claims that the necessary $5-million amount in controversy is satisfied by Plaintiffs' lost use and lost net equity claims. Plaintiffs' request for treble damages is properly included in determining the amount in controversy, as Haw. Rev. Stat. Ch. 480 provides for such relief.[2] Lowerdermilk v. U.S. Bank National Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007)(amount in controversy includes special damages and attorneys' fees when the underlying statute provides for such relief); Haw. Rev. Stat. § 480-13(b).

---

[2] Attorneys' fees may also be included in the amount in controversy, as Haw. Rev. Stat. Ch. 480 provides for such relief. The Court finds it unnecessary to include projections of attorneys' fees given the evidence of damages provided.

### 1.   Lost Use Claim (Fair Monthly Rental Value)

Defendant claims that the damages sought for Plaintiffs'
lost use of their properties, measured by the fair market rental
value, satisfies the requisite amount in controversy. Defendant
calculates the period of lost use as the date on which a property
was foreclosed upon until the July 2014 trial date, as a proxy
for the time of judgment. (Opp. at pg. 44, ECF No. 43.)

Plaintiffs do not dispute the method of determining the
period of lost use or the evidence offered by Defendant to
establish a range of monthly rental values for each of the named
Plaintiffs' properties.

The alleged period of lost use for the Plaintiff Dean's
property, according to Defendant's formula, is fifty-seven
months. (Opp. at pg. 36, ECF. No. 43.) Defendant presents
evidence that the monthly rents in the area of Plaintiff Dean's
property range between $1,300 and $2,900 a month. (Opp. Stahl
Decl. at ¶ 12, Ex. HH, ECF No. 43.) Plaintiff Dean's property is
a 2,200-square foot three bedroom/two bathroom home, which was
purchased by Plaintiff Dean for $708,000 in 2006 and sold by
Deutsche Bank in for $340,000 in 2010. (Opp. Ex. EE, ECF No. 43.)
Even applying a $1,300 monthly rent, the rental value for a 57-
month period for would be $74,100. As Plaintiffs claim treble
damages, the amount in controversy for Plaintiff Dean's lost use
claim is approximately $222,300.

The alleged period of lost use for Plaintiff Lizza's property is 37 months. Defendant presents evidence that the monthly rent for apartments in the same complex as Plaintiff Lizza's property is approximately $850. (Opp. Stahl Decl. at ¶ 4, Ex. JJ, ECF No. 43.) The rental value for a 37-month period, based on the above estimates, would be $31,450. The amount in controversy for Plaintiff Lizza's lost use claim, once trebled, is approximately $94,350.

The alleged period of lost use for Plaintiff Mauch's property is 51 months. Defendant presents evidence that the monthly rents in the area of Plaintiff Mauch's property range from $1,250 to $2,500. Plaintiff Mauch's property is a 1,224-square foot two bedroom/two bathroom home. The rental value for a 51-month period at monthly rent of $1,250 would be $63,750. The amount in controversy for Plaintiff Mauch's lost use claim, once trebled, is approximately $191,250. (Opp. Stahl Decl. at ¶ 3, Ex. II, ECF No. 43.)

The aggregate amount in controversy for the three named Plaintiffs' lost use claims alone exceeds $500,000.

Defendant claims that, as the unnamed members of the putative class are similarly situated, the aggregate amount in controversy for the named and unnamed Plaintiffs' lost use claims would easily satisfy the $5-million amount in controversy required for CAFA jurisdiction.

Defendant has presented Assignments and Affidavits of Foreclosure, evidencing ninety-three property transactions within the putative class. The Assignments and Affidavits include information regarding the address of the property, the date of foreclosure, and the amount of Defendant's winning bid. (Opp. Ex. KK, ECF No. 43.) The alleged lost use periods and property values of the named Plaintiffs' properties are similar to many of the unnamed Plaintiffs' properties. The alleged periods of lost use generally range from thirty to sixty months, as Defendant Deutsche Bank foreclosed upon most of the properties between 2009 and 2011. Although evidence of the rental values of the unnamed Plaintiffs' properties has not been presented, the amount of Plaintiffs' mortgages and Defendant Deutsche Bank's winning bid for the properties supports the finding that the named Plaintiffs' properties are representative of the class.

The amount in controversy for the named Plaintiffs' lost use claims is relevant to determining the amount in controversy for the unnamed Plaintiffs' lost use claims. If the aggregate amount in controversy for three named Plaintiffs' lost use claims exceeds $500,000, it is likely that claims arising from ninety additional properties would result in a total amount in controversy far in excess of $5-million.

Plaintiffs' lost use claims are based on ninety-three properties. Even applying a 30-month period of lost use and a

14

$600 monthly rent to those properties, which is unreasonably low considering that many of the properties are multiple bedroom homes and all are located in Hawaii, the aggregate amount in controversy for the lost use claims would still exceed $5-million.

The Court finds that Defendant Deutsche Bank has shown that the aggregate amount in controversy for the lost use claims likely exceeds $5-million dollars. The amount in controversy for Plaintiffs' lost use claim alone meets the CAFA jurisdictional minimum.

### 2.    Lost Net Equity Claim

Defendant provides evidence of the amount in controversy for the named Plaintiffs' lost net equity claims. (Opp. at pgs. 42-43, ECF No. 43.)

Plaintiff Dean's property, for example, was bought by Defendant for a "credit bid" of $276,250. (Compl. at ¶ 44.) Defendant sold the Dean property for $340,000. (Opp. Ex. EE, Declaration of Sheryl Messamer, at ¶ 2, ECF No. 43.) The difference between the amounts is $63,750. Defendant claims that, as Plaintiffs seek treble damages, Plaintiff Dean's lost net equity claim is over $180,000.

Using the same formula, Plaintiff Lizza's lost net equity claim amounts to $18,850. Once trebled, the claim amounts to $56,000. (Opp. Ex. FF, ECF No. 43.)

Plaintiff Mauch does not have a lost net equity claim, as Plaintiff Mauch's property was resold for less than Defendant Deutsche Bank's credit bid. (Opp. Ex. EE, ECF Doc. 43.)

Defendant relies on the above calculations, in asserting that CAFA's total amount in controversy is satisfied, as it is reasonable to assume that the unnamed Plaintiffs are similarly situated.

Plaintiffs argue that the named Plaintiffs' claims cannot be used to estimate the aggregate amount of damages for the class. (Tr. 7:2-6, ECF No. 58.) Plaintiffs argue that Defendant has the capability to show a specific amount in controversy for the lost net equity claims and, by failing to do so, has not met its burden of proof. (Motion for Remand at pg. 32, ECF No. 34; Tr: 17:7-21, 19: 5-15, ECF No. 58.)

Defendant is not required to specifically prove the amount in controversy. It is true, however, that some of the properties may have been worth less than the mortgage amount, and like Plaintiff Mauch's property, would not result in any damages based on the lost net equity calculation.

While the Court cannot definitively estimate the amount in controversy on the lost net equity claims for the unnamed

Plaintiffs without more information, the named Plaintiffs'
figures are of use. The aggregate amount in controversy for the
three named Plaintiffs' lost net equity claims alone, once
trebled, is $236,550. It is reasonable to believe that many of
the other ninety properties owned by the putative class members
were resold by Defendant Deutsche Bank for an amount over the
amount owed on the mortgage.

As Plaintiffs claim treble damages, the evidence presented
by Defendant shows that the lost net equity claims of the
putative class would amount to a significant figure. The lost net
equity claim adds further evidence of a possible result well in
excess of $5-million.

###        3.    Defendant Has Established the Amount in
              Controversy Exceeds $5-Million by a Preponderance
              of the Evidence

Defendant has presented significant evidence supporting its
position that the putative class's claims for lost use and the
named Plaintiffs' lost net equity claims, in aggregate, exceed
CAFA's required amount in controversy. Defendant has not
submitted any evidence regarding the amount in controversy for
the claims for attorneys' fees, moving/relocating costs, and the
lost net equity for the unnamed Plaintiffs. Such evidence can
only increase the amount in controversy, and may be considered in
calculating the amount in controversy. Cain v. Hartford Life &

<u>Acc. Ins. Co.</u>, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012)(court can rely on its experience in determining whether amount in controversy is satisfied).

Defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.


<u>**CONCLUSION**</u>


The Class Action Fairness Act, 28 U.S.C. § 1332(d), provides the Court with original jurisdiction over the action. Plaintiff's Motion for an Order of Remand (ECF No. 34) is **DENIED.**


IT IS SO ORDERED.


DATED: Honolulu, Hawaii, September 24, 2013.



/S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge

_____
**KARL P. LIZZA, GARY L. DEAN, JOHN J. MAUCH, individually and on behalf of all others similarly situated v. DEUTSCHE BANK NATIONAL TRUST COMPANY and DOE DEFENDANTS 1-50,** Civ. No. 13-00190 HG-BMK; Order Denying Plaintiff's Motion for an Order of Remand (ECF No. 34)