CHUN, KERR, DODD, BEAMAN & WONG,
a Limited Liability Law Partnership

ANDREW V. BEAMAN #2914-0
745 Fort Street, 9th Floor
Honolulu, Hawaii  96813
Telephone:  (808) 528-8200
E-mail: abeaman@ckdbw.com

MORGAN, LEWIS & BOCKIUS LLP

BERNARD J. GARBUTT III, *admitted pro hac vice*
101 Park Avenue
New York, New York 10178
Telephone: (212) 309-6084
E-mail: bgarbutt@morganlewis.com

Attorneys for Defendant Deutsche
Bank National Trust Company,
solely in its capacity as trustee

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KARL P. LIZZA, GARY L. DEAN, JOHN J. MAUCH, individually and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br><br>     vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY and DOE DEFENDANTS 1-50,<br><br>           Defendants. | Case No. 1:13-cv-00190-HG-BMK<br><br><br><br>**DBNTC's SUBMISSION PURSUANT TO LR 7.8; AND CERTIFICATE OF SERVICE**<br><br><br><br>**[Re Docket # 62]**<br><br><br><br>**(Hearing Motion)** |

## DBNTC's SUBMISSION PURSUANT TO LR 7.8

DBNTC hereby makes this submission, pursuant to LR 7.8, in connection with DBNTC's Motion to Dismiss [Dkt.#62].[1]  DBNTC may rely upon the following uncited authorities at the hearing on the Motion to Dismiss:

1.   Apostol v. Citimortgage, Inc., 2013 WL 6140528, *6-8 N.D.Cal. Nov. 21, 2013)(rejecting Glaski v. Bank of Am., Nat'l Ass'n, 218 Cal.App.4th 1079 (2013) and noting it represents "a distinct minority view" on standing; holding that non-parties to PSAs cannot base claims on alleged deficiencies in the PSA/securitization process)(**Ex. 1** hereto);

2.   Maxwell v. Deutsche Bank National Trust Company, 2013 WL 6072109, *2 (N.D.Cal. Nov. 18, 2013)(rejecting Glaski: "the majority of courts . . . have disagreed with that decision and its conclusion"; collecting cases)(**Ex. 2** hereto);

3.   Dahnken v. Wells Fargo Bank, N.A., 2013 WL 5979356, *2 (N.D.Cal. Nov. 8, 2013)(rejecting Glaski; adopting majority position: "plaintiffs lack standing to challenge noncompliance with a PSA in securitization unless they are parties to the PSA or third party beneficiaries of the PSA")(quotations omitted)(**Ex. 3** hereto);

4.   Sandri v. Capital One, N.A., 2013 WL 5925655, *4-6 (Bankr. N.D.Cal. Nov. 5, 2013) (rejecting Glaski; "New York intermediate appellate courts have repeatedly and consistently found that an act in violation of a trust agreement is voidable, not void.")(**Ex. 4** hereto);

5.   Newman v. Bank of New York Mellon, 2013 WL 5603316, *3,n.2  (E.D.Cal. Oct. 11, 2013) ("no courts have yet followed Glaski and Glaski is in a clear minority")(**Ex. 5** hereto);

---

[1]   Unless stated otherwise, capitalized terms used herein shall have the meanings assigned in DBNTC's motion to dismiss (Dkt.#62).

6.  <u>Dick v. Am. Home Mortg. Servicing, Inc.</u>, 2013 WL
    5299180, *2-3 (E.D.Cal. Sept. 18, 2013) (<u>Glaski</u>
    notwithstanding, plaintiff-mortgagors suffered no
    injury from allegedly invalid assignment because they
    could not "show that the allegedly improper assignment
    interfered with the borrower's ability to pay or that
    the original lender would not have foreclosed under
    the circumstances")(**Ex. 6** hereto);

7.  <u>Wolford v. Am. Home Mortgage Servicing, Inc.</u>, 2013 WL
    5569164, *7 (Cal. Ct. App. Oct. 10, 2013)
    (acknowledging <u>Glaski</u>, but nonetheless holding that
    plaintiffs lack standing to challenge the assignments
    of their mortgages because they are not parties to the
    assignments and do not suffer injuries as the result
    of the assignments.  The injuries plaintiffs suffer
    are the foreclosures, which are the result of defaults
    on their loans.  "The foreclosure resulted from a
    default, regardless of what entity was named as
    trustee [of the deed of trust]. Thus, the homeowner-
    plaintiff does not suffer an injury as a result of the
    assignment of deed of trust, even if the assignment
    was fraudulent." (citations omitted))(**Ex. 7** hereto);

8.  <u>In re Estate of McManus</u>, 47 N.Y.2d 717, 719 (1979)
    (those "not beneficially interested" in a trust lack
    standing to challenge the actions of the trustee)(**Ex.
    8** hereto);

9.  <u>Feldman v. Torres</u>, 939 N.Y.S.2d 221, 224 (App. Term
    2011)(under New York law, acts done in contravention
    of a trust document are <u>not</u> void, they <u>may</u> be merely
    voidable)(**Ex. 9** hereto);

10.  <u>Mooney v. Madden</u>, 597 N.Y.S.2d 775, 776 (3d Dept.
     1993)(same)(**Ex. 10** hereto).


     DATED: New York, New York, November 30, 2013


                                    /S/*Bernard J. Garbutt III*___
                                    BERNARD J. GARBUTT III

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KARL P. LIZZA, GARY L. DEAN, JOHN J. MAUCH, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br>   vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY and DOE DEFENDANTS 150,<br><br><br>        Defendants. | Case No. 1:13-cv-00190-HG-BMK<br><br><br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true copy of the foregoing document was or will be duly served upon the following parties, by hand delivery or electronically through CM/ECF, on this date, addressed as follows:

        BICKERTON LEE DANG & SULLIVAN
        James J. Bickerton, Esq. -*bickerton@bsds.com*
        Nadine Y. Ando, Esq. -*ando@bsds.com*
        745 Fort Street, Suite 801
        Honolulu, Hawaii  96813

        *AFFINITY LAW GROUP*
        Raymond C. Cho, Esq.
        Van-Alan H. Shima, Esq. -*vshima@affinitylaw.com*
        1188 Bishop Street, Suite 3408
        Honolulu, Hawaii  96813

LAW OFFICE OF STANLEY H. ROEHRIG
Stanley H. Roehrig *-shroehrig@hawaii.rr.com*
Hilo Lagoon Centre
101 Aupuni St. Ste 124
Hilo, Hawaii  96720

Attorneys for Plaintiffs
Karl P. Lizza, Gary L. Dean, and
John J. Mauch


DATED:  New York, New York, November 30, 2013.

                    /S/*Bernard J. Garbutt III*
                    BERNARD J. GARBUTT III
                    MORGAN, LEWIS & BOCKIUS LLP

                    Attorneys for Defendant
                    Deutsche Bank National Trust
                    Company, solely in its capacity as
                    trustee