IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KARL P. LIZZA, GARY L. DEAN, JOHN J. MAUCH, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>       vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY and DOE DEFENDANTS 1-50,<br><br>            Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIV. NO. 13-00190 HG-BMK |

**ORDER GRANTING MOTION BY DEFENDANT DEUTSCHE BANK NATIONAL TRUST
COMPANY TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
(ECF No. 62) WITH LEAVE TO AMEND**


Plaintiffs, individually and on behalf of all others

similarly situated, brought suit against Defendant Deutsche Bank

National Trust Company. Plaintiffs allege that Defendant engaged

in improper and deceptive practices related to the non-judicial

foreclosures of Plaintiffs' Properties. The case was filed as a

putative class action, but has not yet progressed to certification.

Defendant moves to dismiss for lack of standing and failure to state a claim.

Defendant's Motion to Dismiss the First Amended Complaint (ECF No. 62) is **GRANTED** with leave to amend.


## PROCEDURAL HISTORY


On March 12, 2013, Plaintiffs Karl P. Lizza, Gary L. Dean, and John J. Mauch, individually and on behalf of others similarly situated, filed a Complaint in the Circuit Court of the First Circuit of the State of Hawaii.

On April 22, 2013, Defendant Deutsche Bank National Trust Company removed the action to the Hawaii Federal District Court. (ECF No. 1.)

On May 22, 2013, Plaintiffs filed a Motion for Remand. (ECF No. 34.)

On June 24, 2013, while the Motion for Remand was pending, Plaintiffs filed a First Amended Complaint. (ECF No. 44.)

On July 3, 2013, the Court issued a Minute Order, setting Defendant's deadline for filing a response to the First Amended Complaint at twenty days after the Court's decision on the Motion for Remand. (ECF No. 51.)

On September 24, 2013, the Court denied the Motion for Remand, as federal jurisdiction was authorized by the Class Action Fairness Act. (ECF No. 59.)

On October 15, 2013, Defendant timely filed a Motion to Dismiss the First Amended Complaint. (ECF No. 62.)

On November 4, 2013, Plaintiffs filed an Opposition. (ECF No. 68.)

On November 19, 2013, Defendant filed a Reply. (ECF No. 69.)

On November 29, 2013, Plaintiffs filed a Statement of additional authorities in opposition to Defendant's Motion to Dismiss, pursuant to Local Rule 7.8. (ECF No. 70.)

On November 30, 2013, Defendant filed a Statement of additional authorities in support of dismissal, pursuant to Local Rule 7.8. (ECF No. 71.)

On December 5, 2013, a hearing was held on the Motion to Dismiss.


## BACKGROUND


Plaintiffs Karl P. Lizza, Gary L. Dean, and John J. Mauch brought a putative class action against Defendant Deutsche Bank National Trust Company ("Deutsche Bank"), on behalf of themselves and all others similarly situated. Plaintiffs allege that their mortgages and/or notes for residential real properties in Hawaii

were unlawfully assigned to Defendant Deutsche Bank, as trustee for three particular trusts, who then non-judicially foreclosed upon the properties. (Am. Compl. at ¶ 7, ECF No. 44.)

The Plaintiffs challenge Defendant's position as to when the assignments to the Deutsche Bank trusts took place and whether such assignments were valid.

The mortgages and/or notes in dispute were originally executed by Plaintiffs to secure loans from subsidiaries of New Century Financial Corporation ("New Century").

**Securitization**

Defendant Deutsche Bank states the Plaintiffs' mortgages and notes were assigned to Deutsche Bank trusts as part of a securitization process, between 2004 and 2007. Securitization occurs when an original lender bundles the beneficial interest in individual loans and sells the bundles to investors as mortgage-backed securities. Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1039 (9th Cir. 2011); Almaden v. Peninsula Mortgage, Inc., CIV. 12-00390 HG-BMK, 2012 WL 6738512, at *4 (D. Haw. Dec. 31, 2012). Deutsche Bank attaches to its Motion to Dismiss various SEC filings regarding the three Deutsche Bank securitized trusts, which ultimately foreclosed upon Plaintiffs' Properties.[1]

---

[1]     Exhibits 6, 7, 8, and 10 relate to the trust that foreclosed upon Plaintiff Lizza's Property, the New Century Home Equity Loan Trust 2004-4. The Exhibits are certain portions of the Indenture,

The Filings include Pooling and Servicing Agreements, reflecting that mortgages and notes naming New Century as the original lender and mortgagee were transferred to the three Deutsche Bank trusts. (Motion to Dismiss Exs. 6, 7, 8, 10, 12, 14, 16, and 17, ECF No. 62.) The mortgages and notes were transferred to one or more intermediary companies before ultimately being deposited with the Deutsche Bank trusts. (Id.)


**Bankruptcy**

New Century filed bankruptcy proceedings in April 2007. As of August 1, 2008, pursuant to an order of the Bankruptcy Court,

---

the Amended and Restated Trust Agreement, a Servicing Agreement, and the Mortgage Loan Sale and Contribution Agreement. The Exhibits are dated as of December 16, 2004.

Exhibits 12 and 14 relate to the trust that foreclosed upon Plaintiff Dean's Property, Morgan Stanley ABS Capital I Inc. Trust 2007-NC3. Exhibit 12 is certain portions of the Pooling and Servicing Agreement, dated as of May 1, 2007. Exhibit 14 is certain portions of the Schedule of Information, filed with the SEC on July 17, 2007.

Exhibits 16 and 17 relate to the trust that foreclosed upon Plaintiff Mauch's Property, Carrington Home Equity Loan Trust, Series 2005-NC4 Asset-Backed Pass-Through Certificates. The Exhibits are certain portions of the Pooling and Servicing Agreement, dated as of August 1, 2005.

The above Exhibits are filed with the Securities and Exchange Commission. The court may consider the Exhibits without converting the motion to dismiss into one for summary judgment, as they are a matter of public record. Dreiling v. American Exp. Co., 458 F.3d 942, 946 n.2 (9th Cir. 2006)

New Century's remaining assets were transferred to a Liquidation Trust. (Motion to Dismiss Ex. 22, Order Confirming the Modified Second Am. Joint Ch. 11 Plan of Liquidation Dated as of Sept. 30, 2009, ECF No. 62.)

**Recorded Assignments**

Deutsche Bank recorded assignments of Plaintiffs' mortgages and notes from New Century to the Deutsche Bank trusts in the Hawaii Bureau of Conveyances. The assignments were recorded after August 1, 2008, but prior to the commencement of the non-judicial foreclosures.[2] Deutsche Bank views the assignments recorded in

---

[2]   The assignments recorded in the Hawaii Bureau of Conveyances are as follows:

Plaintiff Lizza's mortgage was assigned by New Century Mortgage Corporation to Deutsche Bank, as Indenture Trustee, for New Century Home Equity Loan Trust 2004-4. The assignment, as recorded on October 7, 2010, indicated it was executed on September 15, 2010. (Am. Comp. Ex. 1.)

Plaintiff Dean's mortgage was assigned by Mortgage Electronic Registration Systems, Inc., as nominee for New Century Mortgage Corporation, its successors and assigns, to Deutsche Bank, as Trustee for Morgan Stanley, MSAC 2007-NC3. The assignment, as recorded on January 22, 2009, indicated it was executed on January 19, 2009. (Am. Compl. Ex. 2.)

Plaintiff Mauch's mortgage was assigned by New Century Mortgage Corporation to Deutsche Bank, as Trustee, for Carrington Home Equity Loan Trust, Series 2005-NC4 Asset Backed Pass-Through Certificates. The assignment, as recorded on November 16, 2009, indicated it was executed on November 10, 2009. (Am. Compl. Ex. 3.)

the Hawaii Bureau of Conveyances as merely recording the earlier transfers through securitization.

Plaintiffs, relying on the dates contained in the recorded assignments, allege that their mortgages and/or notes were assigned to Deutsche Bank trusts after August 1, 2008. Plaintiffs claim that the assignments are invalid, as New Century was not authorized to make assignments without the approval of the Liquidation Trustee at that time. (Am. Compl. ¶¶ 7, 9, ECF No. 44.) According to Plaintiffs, the post-August 1, 2008 assignments constitute unfair and deceptive acts, and the non-judicial foreclosures based upon such assignments were wrongful. (Am. Compl. at ¶¶ 9, 39, ECF No. 44.)

It is Plaintiffs' position that, even if their mortgages and notes were securitized and assigned to Deutsche Bank trusts prior to August 1, 2008, the recorded assignments are unlawful, because they omit the securitization process, including the intermediary assignments.

Plaintiffs claim that the assignments recorded in the Hawaii Bureau of Conveyances, which purport to directly assign Plaintiffs' mortgages from New Century to Deutsche Bank trusts, were created by Deutsche Bank to conceal "any defects or unresolved complexities that might exist in the chain of title," in order to expedite its ability to foreclose upon the properties. (Am. Compl. at ¶¶ 10, 39 (emphasis added), ECF No.

7

44.) The Amended Complaint does not include any information alleging any irregularities.

**Plaintiffs' Claims**

On March 12, 2013, Plaintiffs filed suit in Hawaii State Court alleging wrongful foreclosure and various unfair and deceptive practices relating to the assignments of their mortgages and/or notes and the subsequent non-judicial foreclosures of their Properties. Defendant timely removed the action to the United States District Court for the District of Hawaii. (ECF No. 1.)

Plaintiffs' Amended Complaint, filed on June 25, 2013, raises claims for:

(1) wrongful foreclosure,

(2) violation of the Hawaii Unfair and Deceptive Practices Act, Haw. Rev. Stat. Ch. 480, and

(3) intentional interference with prospective economic advantage, and

(4) "unclean hands/tortfeasor conduct against public policy."

(Am. Compl. at ¶¶ 39-53, ECF No. 44.) Plaintiffs seek damages and a declaration that the alleged post-August 1, 2008 assignments to Deutsche Bank trusts are null and void. (Am. Compl. at pgs. 26-27, ECF No. 44.)

Defendant moves to dismiss for lack of prudential standing and failure to state a claim. (ECF No. 62.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows dismissal where a complaint fails "to state a claim upon which relief can be granted," including when a plaintiff has not been granted statutory standing to bring a claim. Salmon Spawning & Recovery Alliance v. Gutierrez, 545 F.3d 1220, 1225 (9th Cir. 2008).

When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. Id. The Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010)(documents attached to the complaint and matters of public record may be considered on a motion to dismiss).

The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. Rule 8(a)(2). In <u>Bell Atlantic Corporation v. Twombly</u> the Supreme Court stated that Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007).

In <u>Ashcroft v. Iqbal</u> the Supreme Court clarified that the principles announced in <u>Twombly</u> are applicable in all civil cases. 556 U.S. 662 (2009). The Court stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." <u>Id.</u> at 678 (quoting <u>Twombly</u>, 550 U.S. at 555). A complaint survives a motion to dismiss when it contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 570).

A claim is facially plausible when the factual content of the complaint allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Iqbal</u>, 556 U.S. at 678. The plausibility standard does not require probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S.

at 556). A complaint that pleads facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

## ANALYSIS

### I.   PLAINTIFFS' WRONGFUL FORECLOSURE CLAIMS

Plaintiffs Karl P. Lizza, Gary L. Dean, and John J. Mauch claim that Defendant Deutsche Bank National Trust Company ("Deutsche Bank"), as trustee for three securitized trusts, wrongfully foreclosed upon their Properties.

Wrongful foreclosure is a state law claim. The federal district court in Hawaii has been presented with a number of actions relating to Hawaii state foreclosure law. The district court cases have considered a wrongful foreclosure claim to be viable (1) where the foreclosure process fails to comply with Hawaii's Foreclosure Statutes, Haw. Rev. Stat. Ch. 667, or (2) where the interest in the loan was never validly assigned to the foreclosing party, because the assigning entity was dissolved prior to executing the assignment. Swartz v. City Mortg., Inc., 911 F.Supp.2d 916, 947 (D. Haw. 2012); Dias v. Fed. Nat. Mortgage

<u>Ass'n</u>, No. 12-00394, 2013 WL 6894453, at *11 (D. Haw. Dec. 31, 2013).

Plaintiffs challenge Defendant's non-judicial foreclosures of their Properties. A mortgagee's right to proceed by non-judicial foreclosure is contractual, created by a mortgage with a power of sale vested in the mortgagee, and must be authorized by law. <u>In re Kekauoha-Alisa</u>, 674 F.3d 1083, 1091 (9th Cir. 2012).[3]

**CONTEXT**

Between 2004 and 2006, Plaintiffs executed mortgages and notes in favor of subsidiaries of New Century Financial Corporation ("New Century") to secure loans. Plaintiffs' mortgages vest the mortgagee with a power of sale upon default of Plaintiffs' loan payments. (Motion to Dismiss Ex. 3, Lizza Mortgage at ¶ 22; Ex. 4, Dean Mortgage at ¶ 22; Ex. 5, Mauch Mortgage at ¶ 22.)

Plaintiffs' original mortgagee, New Century, was an active participant in the secondary mortgage market. It was New Century's practice to pool and securitize notes and mortgages in the form of a securitized trust, such as those that foreclosed

---

[3]    At the time of the foreclosures of Plaintiffs' Properties, Hawaii's Non-Judicial Foreclosure Statute, Haw. Rev. Stat. § 667-5, set forth the procedures by which a mortgagee, a mortgagees' successor in interest, or any authorized person was permitted to initiate a non-judicial foreclosure, based on the power of sale in a mortgage. Hawaii's Non-Judicial Foreclosure Statute was substantially amended in 2012. <u>See</u> Everett S. Kaneshige & Seth J. Corpuz-Lahne, <u>The New Foreclosure Law</u>,  Haw. B.J., October 2012, at 4.

upon Plaintiffs' Properties. A description of the process is found in In re Wright, No. 10-03893, 2012 WL 27500 (Bankr. D. Haw. Jan. 5, 2012) reconsideration denied, 2012 WL 260744 (Bankr. D. Haw. Jan. 27, 2012). The securitized trusts raise funds from investors, acquire a large number of mortgage obligations, collect payment on the mortgages, and allocate cash flow to investors. See In re Wright, 2012 WL 27500; In re New Century TRS Holdings, Inc., 407 B.R. 576, 580 (D. Del. 2009).

In April 2007, Plaintiffs' original lender, New Century, filed for chapter 11 bankruptcy. In re New Century TRS Holdings, Inc., 407 B.R. 576, 580 (D. Del. 2009). Effective August 1, 2008, New Century's remaining assets were transferred to a Liquidating Trust. In re New Century TRS Holdings, Inc., 465 B.R. 38, 42 (Bankr. D. Del. 2012) reconsideration denied, 2013 WL 5231456 (Bankr. D. Del. Sept. 17, 2013).

After August 1, 2008, assignments of Plaintiffs' mortgages and notes from New Century to Deutsche Bank trusts were recorded in the Hawaii Bureau of Conveyances. Those trusts subsequently non-judicially foreclosed upon Plaintiffs' Properties.

It is Defendant's position that Plaintiffs' mortgages and notes were securitized and transferred to the Deutsche Bank trusts between 2004 and 2007. Defendant claims that the recorded assignments "merely confirmed" the earlier conveyances. Defendant supports its position by relying on various Agreements regarding

13

each securitized trust, which were filed with the Securities and Exchange Commission. (Motion to Dismiss Exs. 6, 7, 8, 10, 12, 16, and 17, ECF No. 62.) According to the Agreements, the closing date of each trust occurred between 2004 and 2007.

**MORTGAGORS WERE NOT ENTITLED TO BE NOTIFIED OF ASSIGNMENTS**

Pursuant to Plaintiffs' mortgage documents, New Century was not required to notify Plaintiffs of the sale of their mortgages and notes in the secondary mortgage market. (Lizza Mortgage at ¶ 20, attached as Ex. 3 to Motion to Dismiss; Dean Mortgage at ¶ 20, attached as Ex. 4; Mauch Mortgage at ¶ 20, attached as Ex. 5, ECF No. 62.)

**PLAINTIFFS' CLAIMS OF WRONGFUL FORECLOSURE**

Plaintiffs' allege three wrongful foreclosure claims:

(1) Plaintiffs claim that Deutsche Bank's status as a proper mortgagee with the right to non-judicially foreclose depends upon the assignments recorded in the Hawaii Bureau of Conveyances after August 1, 2008. Plaintiffs assert that the recordings establish the date their mortgages and notes were actually conveyed to the Deutsche Bank trusts.

(2) Plaintiffs claim that their mortgages were invalidly assigned to the Deutsche Bank trusts after August 1, 2008. Plaintiffs contend that, after August 1, 2008, a valid assignment

14

required the authorization of the Liquidation Trustee appointed in the New Century bankruptcy proceedings. Plaintiffs claim that Deutsche Bank was not a proper mortgagee because the assignments were unauthorized by the Liquidation Trustee.

(3) Plaintiffs claim that they are entitled to be informed of the transfers that resulted in the securitization and conveyance of their mortgages to the Deutsche Bank trusts. Plaintiffs allege that the complete chain of assignments "<u>might reveal some irregularity</u>." According to Plaintiffs, the recorded assignments improperly fail to identify the complete chain of assignments by which the Deutsche Bank trusts obtained Plaintiffs' mortgages.

**A.    Plaintiffs' First Claim: That Their Foreclosures Should Be Reversed Because of the Dates of Deutsche Bank's Recording of Their Assignments**

Plaintiffs move to reverse their foreclosures because of the dates Defendant Deutsche Bank recorded their assignments in the Hawaii Bureau of Conveyances. According to Plaintiffs, a mortgagee must present a complete chain of mortgage assignments to establish themselves as proper mortgagees with the right to non-judicially foreclose. Plaintiffs claim that "[p]hysical possession of a mortgage is meaningless unless there is an instrument assigning the mortgage for every step in the chain." (Opp. at pg. 16, ECF No. 68.)

Plaintiffs' position ignores the terms of their mortgages, which do not require that the mortgagor be notified of any assignment. (Lizza Mortgage at ¶ 20, attached as Ex. 3 to Motion to Dismiss; Dean Mortgage at ¶ 20, attached as Ex. 4; Mauch Mortgage at ¶ 20, attached as Ex. 5, ECF No. 62.)

In addition to the contractual impediment to their position, the Hawaii law of non-judicial foreclosure does not support Plaintiffs' reasoning.

Hawaii follows the lien theory of mortgages. Haw. Rev. Stat. § 506-1. A mortgage creates a lien as security for an obligation, but does not pass title. Haw. Rev. Stat. § 506-1(a). Upon default, a mortgagee has a possessory interest in the property, but ownership remains subject to the mortgagor's equity of redemption, until the property is foreclosed upon. Fed. Home Loan Mortgage Corp. v. Transamerica Ins. Co., 969 P.2d 1275, 1282 (Haw. 1998).

In contrast, in states that follow the title of theory of mortgages, a mortgage is a conveyance of the title or an interest in the property, defeasible upon payment of money or performance of some other condition. In a title theory state, the granting of a mortgage vests title in the mortgagee to the land placed as security for the underlying debt. Livonia Prop. Holdings LLC v. 12840-12976 Farmington Road Holdings LLC, 717 F.Supp.2d 724, 750-

51 (E.D. Mich. 2010), *aff'd*, 399 F. App'x 97 (6th Cir.

2010)(differentiating the title theory from lien theory).

As a mortgage in Hawaii is a mere security interest incident

to an underlying obligation, the transfer of a note necessarily

includes a transfer of the mortgage with it. In re Wright, No.

10-BR-03893, 2012 WL 27500, at *3 (Bankr. D. Haw. Jan. 5, 2012).

The failure to record an assignment of a mortgage does not

invalidate an assignment or create a private right of action for

a defaulting mortgagor against a foreclosing party who is the

rightful noteholder. Swartz v. City Mortgage, Inc., 911 F.Supp.2d

916, 939-40 (D. Haw. 2012). Recordation merely gives notice of a

conveyance to the general public. Markham v. Markham, 909 P.2d

602, 609 (Haw. App. 1996). It is general practice for a mortgage

assignment not to be recorded until the underlying loan is in

default and a party intends to foreclose. Billete v. Deutsche

Bank Nat. Trust Co., No. 13-00061 LEK-KSC, 2013 WL 5840105, at *4

(D. Haw. Oct. 30, 2013). A lender is not required to go back and

establish that every person or entity who assigned a note and

mortgage had the power to do so. Bateman v. Countrywide Home

Loans, No. 12-00033, 2012 WL 5593228, at *3 (D. Haw. Nov. 14,

2012).

A proper noteholder is necessarily a proper mortgagee, and

may invoke the power of sale in a mortgage. In re Wright, No. 10-

BR-03893, 2012 WL 27500, at *3 (Bankr. D. Haw. Jan. 5, 2012);

<u>Swartz v. City Mortgage, Inc.</u>, 911 F.Supp.2d 916, 939-40 (D. Haw. 2012).

In <u>In re Wright</u> 2012 WL 27500, at *3, the bankruptcy court relied on New Century's Liquidating Trustee to establish that a note had been transferred to a securitization trust prior to the August 1, 2008 transference of New Century's assets to the Liquidation Trust. The mortgagor attempted to establish the time of the conveyance by relying on a mortgage assignment, recorded in the Hawaii Bureau of Conveyances. The recorded assignment was executed by New Century in August 2009 and assigned the mortgage, "together with the promissory note." The Court held that the date of the recorded mortgage assignment was irrelevant, as the mortgage was automatically transferred with the underlying note, years before the recorded mortgage assignment. <u>Id.</u>; <u>In re Banks</u>, 457 B.R. 9, 11 n.6 (Bank. App. 8th Cir. 2011)(if New Century remained the titular owner of a mortgage, but had previously transferred its substantive rights, a later assignment of the mortgage would not violate an order of the bankruptcy court); <u>In re New Century TRS Holdings, Inc.</u>, 450 B.R. 504, 510 (Bankr. D. Del. 2011)(mortgage did not become part of bankruptcy estate because New Century previously transferred its interest in the note).

The Deutsche Bank trusts became proper mortgagees at the time they were assigned Plaintiffs' notes. At that time, the

trusts attained the right to non-judicially foreclose upon Plaintiffs' Properties, pursuant to the power of sale in Plaintiffs' mortgages and the effective Hawaii Non-Judicial Foreclosure Statute. The trusts were not required to first record the assignments or establish the chain of assignments by which they received the mortgages.

The assignments recorded in the Hawaii Bureau of Conveyances do not establish the date that Plaintiffs' mortgages were conveyed to the Deutsche Bank trusts.

Plaintiffs' claims, that their mortgages were assigned without notice and recorded late, fail as a matter of law.

**B.   Plaintiffs' Second Claim: That the Assignments to the Deutsche Bank Trusts Were Invalid**

Plaintiffs allege that the assignments of their mortgages to the Deutsche Bank trusts are invalid.

Plaintiffs speculate that New Century may have owned their mortgages and notes at the time New Century's assets were transferred to the Liquidating Trust in the New Century bankruptcy proceedings. According to Plaintiffs, starting on August 1, 2008, the Liquidation Trustee had the sole authority to assign any New Century asset, including Plaintiffs' mortgages and/or notes. (Am. Compl. at ¶¶ 30-31, ECF No. 44.) Plaintiffs claim the assignments of their mortgages to the three Deutsche Bank trust are void, because they were assigned after August 1,

2008, without any approval by the Liquidation Trustee, as Plaintiffs maintain was necessary. (Id.)

As this is a motion to dismiss and not one for summary judgment, evidence as to the actual date of conveyance of Plaintiffs' mortgages to the Deutsche Bank trusts is not before the Court. Such evidence is not required, however, as Plaintiffs' lack standing to challenge the assignments as lacking the approval of the Liquidation Trustee.

**1.  An Assignment that is Unauthorized by the Bankruptcy Liquidation Trustee is Voidable Rather Than Void**

A plaintiff-mortgagor's standing to challenge an assignment depends on whether the challenge would render an assignment void, rather than merely voidable. A void contract is invalid from its inception, whereas a voidable contract may be voided by one or more of the parties to the contract, if they so elect. Deutsche Bank Trust Co. v. Beesley, No. 12-00067 SOM, 2012 WL 5383555 (D. Haw. Oct. 30, 2012). A plaintiff-mortgagor only has standing to assert a challenge that would render an assignment void, as opposed to voidable at the election of a party to a contract. Id.

Certain transfers that are unauthorized in connection with a bankruptcy proceeding are void, while others are voidable at the option of the bankruptcy trustee. In determining that some unauthorized transfers are voidable, as opposed to void, courts

look to the language of 11 U.S.C. § 549. Section 549 provides that a bankruptcy trustee may avoid a transfer of property by an estate that occurs after the commencement of a bankruptcy case and is not authorized by bankruptcy law or by the court. 11 U.S.C. § 549(a).

The Ninth Circuit Court of Appeals has held, based in part on its interpretation of 11 U.S.C. § 549(a), that violations of a restriction in bankruptcy law aimed at protecting a debtor are generally void, whereas violations of a restriction protecting a creditor are generally voidable. In re Schwartz, 954 F.2d 569, 574 (9th Cir. 1992); In re Tippett, 542 F.3d 684, 691 (9th Cir. 2008).

In Omretzi v. Aurora Bank FSB, No. 12-00730, 2013 WL 3242520 (W.D. Tex. Jun. 25, 2013), the court rejected a plaintiff-mortgagor's standing to challenge an assignment as lacking the authorization of the trustee or violating the automatic stay. The court determined that such assignments would be voidable at the option of the trustee, as opposed to void. 2013 WL 3242520, at *3-6.

The creation of a Liquidation Trust for New Century's assets, which required the approval of the Liquidation Trustee before the assignment of those assets, is an order aimed at protecting New Century's creditors, and not New Century as a debtor. In re New Century TRS Holdings, Inc., 407 B.R. 576, 584

21

(D. Del. 2009)("The liquidating trust is for the benefit of holders of unsecured claims against the Holding Company Debtors and holders of unsecured claims against the Operating Company Debtors.") An assignment from the Liquidation Trust, without the approval of the Liquidation Trustee may be voidable at the option of the Trustee, but is not void as a matter of law.

Plaintiffs do not have standing to challenge the assignments as lacking the required approval of the Liquidation Trustee, even if they are correct in alleging when the assignments were made.

### 2. Plaintiffs Incorrectly Rely on the Hawaii Law Applicable to Judicial Foreclosures

Plaintiffs, in asserting that they have standing, incorrectly rely on cases involving judicial foreclosures.

In a judicial foreclosure, a mortgagee must establish its standing to foreclose. Deutsche Bank Trust Co. v. Beesley, No. 12-00067, 2012 WL 5383555, *4 (D. Haw. Oct. 30, 2012). A mortgagee's standing to judicially foreclose may be challenged by a defending mortgagor. Id.

Plaintiffs rely primarily on the case of Deutsche Bank National Trust Company v. Williams, 2012 WL 1081174 (D. Haw. Mar. 29, 2012). In Williams, Deutsche Bank was the plaintiff in a judicial foreclosure action. The defendant-mortgagors challenged Deutsche Bank's standing to foreclose. The Williams court held that Deutsche Bank had not established its standing to foreclose.

22

The _Williams_ court distinguished the situation before it, in which a mortgagor can challenge a foreclosing party's standing to foreclose, from a plaintiff-mortgagor attempting to bring a claim of improper assignment. The _Williams_ court pointed out that the mortgagor has no standing to challenge the assignment in the latter case. _Id._ at *4.

Plaintiffs' reliance on the _Williams_ case fails for two reasons. First, Plaintiffs' case here is not a judicial foreclosure. Second, Plaintiffs here are challenging the completed non-judicial foreclosures of their Properties, by attempting to bring a class action suit against a defendant-mortgagee. In _Williams_, the mortgagors were attempting to prevent the judicial foreclosure of their properties, not trying to belatedly reverse a non-judicial foreclosure.

Plaintiffs also attempt to rely on the Massachusetts federal district court case, _Ross v. Deutsche Bank Nat. Trust Co._, 933 F.Supp.2d 225 (D. Mass. 2013). Their reliance is misplaced.

In _Ross_, a plaintiff-mortgagor sought to prevent a non-judicial foreclosure, claiming that the defendant-mortgagee lacked standing to non-judicially foreclose because it was not validly assigned the plaintiff's mortgage. The defendant-mortgagee moved to dismiss, claiming that the plaintiff-mortgagor had no right to contest the validity of the assignment. The court denied the motion to dismiss, permitting the plaintiff to

23

challenge the assignment. Ross v. Deutsche Bank Nat. Trust Co., 933 F.Supp.2d 225 (D. Mass. 2013).

As the Ross plaintiff sought to prevent a non-judicial foreclosure, its analysis is more akin to requiring a party seeking a judicial foreclosure to establish its rightful standing to foreclose.

Here, Plaintiffs' Properties have already been foreclosed upon.

To the extent that Ross's analysis is not confined to a pre-foreclosure claim, it relies upon an interpretation of Massachusetts law, which follows the title theory of mortgages. No case interpreting Hawaii law, which follows the lien theory, has permitted such a challenge.

In Livonia Prop. Holdings LLC v. 12840-12976 Farmington Road Holdings LLC, 717 F.Supp.2d 724 (E.D. Mich. 2010), aff'd, 399 F. App'x 97 (6th Cir. 2010), a plaintiff-mortgagor attempted to rely on Massachusetts law to support its claim of standing to challenge the assignment of his mortgage. The court denied the plaintiff-mortgagor's argument, distinguishing Massachusetts law from Michigan law, which follows the lien theory of mortgages. The court explained that, under Massachusetts law, a foreclosing mortgagee must establish that it was validly assigned the mortgage, even when it holds the underlying note. Under

Massachusetts law, a blank mortgage assignment is ineffective. 717 F.Supp.2d 724, 750.

Hawaii's foreclosure law, like Michigan law, does not permit mortgagor-plaintiff standing to challenge an assignment. Courts interpreting Hawaii law have only permitted a plaintiff-mortgagor to challenge an assignment that was made by an entity that no longer existed at the time of the assignment, as such an assignment would be void. Billete v. Deutsche Bank Nat'l Trust Co., No. 13-00061, 2013 WL 1367834, at *7 (D. Haw. May 29, 2013)(no standing to bring wrongful foreclosure and Unfair and Deceptive Trade Practices Act claims alleging that an assignment occurred after the closing date of a Pooling and Service Agreement, but permitting claims alleging that an assignment was made after the assignor mortgagee's dissolution); Nottage v. Bank of New York Mellon, No. 12-00418, 2012 WL 5305506, at *4 (D. Haw. Oct. 25, 2012)(permitting claims alleging that an assignment was made when the assignor no longer existed, having been acquired by another entity).

Plaintiffs' allegations that the assignments were unauthorized by the bankruptcy court, do not raise a challenge that would render the assignments void. Plaintiffs lack standing to challenge the foreclosures of their Properties on that ground.

### C.   Plaintiffs' Third Claim: That Defendant Is Required to Establish the Transfers by Which It Was Assigned Plaintiffs' Mortgages

Plaintiffs allege that, even if their notes and mortgages were securitized and transferred to Deutsche Bank trusts prior to August 1, 2008, the assignments recorded in the Hawaii Bureau of Conveyances fraudulently omit intermediary assignments. (Am. Compl. at ¶ 10.) Plaintiffs' claim is based upon a belief that they are entitled to know of all assignments in order to discover some possible irregularity in the transfers.

Plaintiffs claim they were required to be notified of the various transfers reflected in the Pooling and Service Agreements ("PSA") presented by Deutsche Bank, which set forth process of securitizing Plaintiffs' notes and mortgages. (Motion to Dismiss Exs. 6, 7, 8, 10, 12, 16, and 17, ECF No. 62.) Plaintiffs point to the fact that, in each PSA, the Depositor of the notes and mortgages is identified as a company other than New Century. Plaintiffs allege that the recorded assignments fraudulently omit the intermediary assigning entities, and the non-judicial foreclosures based upon those assignments were wrongful.

Plaintiffs' mortgages specifically provide that Plaintiffs are not entitled to be notified of the assignment of their mortgages. (Lizza Mortgage at ¶ 20, attached as Ex. 3 to Motion

to Dismiss; Dean Mortgage at ¶ 20, attached as Ex. 4; Mauch

Mortgage at ¶ 20, attached as Ex. 5, ECF No. 62.)

Plaintiffs' position is also contrary to Hawaii law. The

Hawaii Non-Judicial Foreclosure Statute, Haw. Rev. Stat. 667-5,

in effect at the time of the foreclosures on Plaintiffs'

Properties, provided:

> (a) When a power of sale is contained in a mortgage, and where the mortgagee, the mortgagee's successor in interest, or any person authorized by the power to act in the premises, desires to foreclose under power of sale upon breach of a condition of the mortgage, the mortgagee, successor, or person shall be represented by an attorney who is licensed to practice law in the State and is physically located in the State. The attorney shall:
>
>> (1) Give notice of the mortgagee's, successor's, or person's intention to foreclose the mortgage and of the sale of the mortgaged property, by publication of the notice once in each of three successive weeks (three publications), the last publication to be not less than fourteen days before the day of sale, in a newspaper having a general circulation in the county in which the mortgaged property lies; and
>>
>> (2) Give any notices and do all acts as are authorized or required by the power contained in the mortgage.
>
> (b) Copies of the notice required under subsection (a) shall be:
>
>> (1) Filed with the state director of taxation; and
>>
>> (2) Posted on the premises not less than twenty-one days before the day of sale.

Haw. Rev. Stat. § 667-5 (repealed by Laws 2012, ch. 182, eff.

June 28, 2012). A mortgagee who fails to comply with the

procedures of the Non-Judicial Foreclosure Statute lacks legal

authority to exercise its power of sale. Lee v. HSBC Bank USA, 218 P.3d 775, 780 (Haw. 2009).

The Hawaii Non-Judicial Foreclosure Statute, in effect at the time of the disputed foreclosures, did not require that intermediary assignments be recorded, nor did it require a mortgagee to record an assignment before commencing a non-judicial foreclosure. Miller v. Deutsche Bank Trust Co., 2011 WL 1750741 (D. Haw. May 5, 2011).

Where the plain language of a statute, such as the Non-Judicial Foreclosure Statute, outlines the required procedure for a lawful foreclosure, the court will not read additional requirements into the statute, without statutory support. Lee v. Mortgage Electronic Registration Sys., No. 10-00687, 2012 WL 6726382, at *7 (D. Haw. Dec. 26, 2012); Rundgren v. Bank of New York Mellon, No. 10-00252, 2010 WL 4066878, at *3-4 (D. Haw. Oct. 14, 2010)("[W]here the terms of a statute are plain, unambiguous and explicit, we are not at liberty to look beyond that language for a different meaning").

Neither Defendant's failure to record intermediary assignments, nor its omission of any interim assignments in the recorded assignment, violates any Hawaii statute or otherwise provides Plaintiffs with a cause of action.

Some state non-judicial foreclosure statutes, unlike Haw. Rev. Stat. §  667-5, do require that all assignments of a note or

mortgage be recorded before a party may commence a non-judicial foreclosure. Even courts interpreting those state's statutes, however, do not require the recording of interim assignments, which occur during the securitization process. Thompson v. Bank of N.Y. Mellon, No. 12-cv-00066, 2012 WL 1253203 (D. Or. Apr. 12, 2012)(citing Or. Rev. Stat. § 86.735(1))(MERS need not record transfers of underlying loan); Livonia Prop. Holdings LLC v. 12840-12976 Farmington Road Holdings LLC, 717 F.Supp.2d 724 (E.D. Mich. 2010), aff'd, 399 F. App'x 97, 100 (6th Cir. 2010) (rejecting claim that parties to the PSA were not reflected in the recorded document failed to satisfy the record-chain-of-title requirement).

Plaintiffs challenge the fact that Defendant's filings related to the non-judicial foreclosure reference the assignments recorded in the Hawaii Bureau of Conveyances, and omit any information about the actual conveyance through securitization. Plaintiffs claim that Defendant took such actions to conceal "any defects or unresolved complexities that might exist in the chain of title," in order to expedite the foreclosures of Plaintiffs' Properties. (Am. Compl. at ¶ 10, ECF No. 44.) Plaintiffs do not provide any evidence of wrongdoing by Defendant Deutsche Bank, but instead only allege that defects are "possible."

Defendant was not required to establish its chain of custody in its filings related to the non-judicial foreclosure, and

Defendant's omission of information regarding the securitization of Plaintiffs' mortgages does not violate Hawaii's Non-Judicial Foreclosure Statute, in effect at the time of the foreclosures. Lee, 2012 WL 6726382 (no violation of Haw. Rev. Stat. § 667-5 where MERS improperly identified the party it was acting on behalf of in the Notice of Intent to foreclose); Rundgren, 2010 WL 4066878, at * 5-6 (refusing to read into Haw. Rev. Stat. § 667-5 a requirement that a notice to foreclose include all the bidding instructions or excluded a mortgagee from making a credit bid).

Plaintiffs have not alleged a failure to comply with statutory requirements of Hawaii's Non-Judicial Foreclosure Statute. Plaintiffs are not entitled to examine the chain of assignments with the hope of finding a possible defect.

**ALL THREE OF PLAINTIFFS' WRONGFUL FORECLOSURE CLAIMS FAIL**

Plaintiffs' wrongful foreclosure claims are based on the allegations that (1) Defendant's mortgagee status depends on the recorded assignments; (2) the assignments lacked the required approval of the Liquidation Trustee appointed in the New Century bankruptcy proceedings; and (3) the Defendant failed to provide information about the chain of transfers by which it was assigned plaintiffs' mortgages. The claims fail as a matter of law.

Plaintiffs' Amended Complaint appears to allege that some other theory may exist, which would provide a wrongful foreclosure claim. Such speculation is insufficient. It is clear from Plaintiffs' Amended Complaint that Plaintiffs cannot state a claim falling within the types of wrongful foreclosure claims that have been recognized by federal district courts interpreting Hawaii law.

Plaintiffs' wrongful foreclosure claims are **DISMISSED WITH PREJUDICE.**

## II.  PLAINTIFFS' HAWAII UNFAIR AND DECEPTIVE TRADE PRACTICES ACT CLAIM

Plaintiffs allege that Defendant violated Hawaii's Unfair and Deceptive Trade Practices Act, Haw. Rev. Stat. § 480-2, by engaging in unfair or deceptive acts or practices ("UDAP"). According to Plaintiffs, Deutsche Bank recorded "false" assignments of their mortgages as part of a deceptive scheme to non-judicially foreclose upon Plaintiffs' Properties. Plaintiffs allege that the assignments were "false" because they were unauthorized by bankruptcy law, "forged" by agents of Deutsche Bank, and omitted information about the securitization process. (Am. Compl. at ¶¶ 38-46, ECF No. 44.)

Section 480-2 of the Hawaii Revised Statutes outlaws "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Haw. Rev. Stat. § 480-2(a). A practice is unfair when it "offends established public policy and when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." Balthazar v. Verizon Haw., Inc., 123 P.3d 194, 202 (Haw. 2005). An act is deceptive when it is (1) a representation, omission, or practice that (2) is likely to mislead consumers acting reasonably under the circumstances where (3) the representation omission or practice is material. In re Kekauoha-Alisa, 674 F.3d 1083, 1091 (9th Cir. 2012).

Only consumers, the attorney general, or the director of the office of consumer protection may bring a UDAP claim. Haw. Rev. Stat. 480-2(d). A consumer bringing a UDAP claim must allege: (1) a violation of Haw. Rev. Stat. Chapter 480; (2) injury to plaintiff's business or property resulting from such violation; and (3) proof of the amount of damages. Hawaii Med. Ass'n v. Hawaii Med. Serv. Ass'n, Inc., 148 P.3d 1179, 1215–16 (Haw. 2006); In re Kekauoha-Alisa, 674 F.3d 1083, 1092 (9th Cir. 2012); Haw. Rev. Stat. 480-13(b)(1). An injury must be "fairly traceable to the defendant's actions." Flores v. Rawlings Co., LLC, 177 P.3d 341, 359 n.23 (Haw. 2008)(internal citation omitted).

A UDAP claim alleging fraudulent business practices must be

pled with particularity, pursuant to Federal Rule of Civil Procedure 9(b). <u>Smallwood v. NCsoft Corp.</u>, 730 F.Supp.2d 1213, 1232–1233 (D. Haw. 2010). Rule 9(b) requires a party asserting a claim involving fraud to "state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b). The claim must "be accompanied by the 'who, what, when, where, and how' of the misconduct charged." <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120 (9th Cir. 2009)(internal citation and quotation marks omitted); <u>see</u> <u>Alan Neuman Prod., Inc. v. Albright</u>, 862 F.2d 1388, 1393 (9th Cir. 1988).

Plaintiffs' UDAP claims appear to be based on the same allegations as their wrongful foreclosure claims. For the reasons set forth in the dismissal of Plaintiffs' wrongful foreclosure claims, no legal authority supports finding that the recorded assignments and subsequent non-judicial foreclosures were unfair or deceptive. Deutsche Bank was not required to include intermediary assigning entities in the mortgage assignments recorded in the Hawaii Bureau of Conveyances. Nor was Deutsche Bank required to refer to the securitization process in its filings related to the non-judicial foreclosures. Plaintiffs fail to articulate how they were injured by a material misrepresentation, as they have not alleged a wrongful non-judicial foreclosure.

To the extent that Plaintiffs' UDAP claims are based on the same allegations as their wrongful foreclosure claims, the claims are not cognizable under Hawaii law. Tom v. GMAC Mortgage, LLC, No. 10-00653, 2011 WL 2133705, at *7-9 (D. Haw. May 25, 2011)(dismissing UDAP claim as no legal authority supported Plaintiffs allegations that Defendant's initiation of a non-judicial foreclosure was unfair or that their filings related to the non-judicial foreclosure were deceptive).

Plaintiffs' Amended Complaint speculates as to possible additional grounds for a UDAP claim. Plaintiffs allege that Defendant attempted to conceal defects or complexities that might exist in the chain of title, but fails to identify any defect. (Am. Compl. at ¶ 10, ECF No. 44.) Plaintiffs also speculate, in their Opposition, that "perhaps" the assignments to Deutsche Bank trusts may have failed for some reason, such as "questions concerning the endorsements of Plaintiffs' notes." No facts supporting this theory are provided. Plaintiffs' allegation of forgery is similarly unsupported. Such speculation and conclusory allegations fall short of the specificity required by Rule 9(b).

UDAP claims are generally subject to a four-year statute of limitations. Haw. Rev. Stat. § 480-24(a). The statute of limitations period starts to run upon the occurrence of Defendant's alleged violation. Dodds v. BAC Home Loans Servicing, LP, No. 10-00371, 2011 WL 1483971, at *7 (D. Haw. Apr. 19, 2011).

34

It is unclear from the speculative allegations in the Amended Complaint which specific acts, other than those specifically addressed by this Order, Plaintiffs claim to be UDAPs. As the appropriate date for the accrual of a UDAP claim depends on the specific UDAP alleged, the Court finds it inappropriate to decide the date of accrual and statute of limitations issue at this time.

Plaintiffs shall be permitted to amend their UDAP claims to comply with the specificity requirement of Rule 9(b). Plaintiffs must allege a violation of Haw. Rev. Stat. Ch. 480, an injury, and proof of the amount of damages. Haw. Rev. Stat. 480-2, 480-13. The amended claims shall not be based on the allegations which the Court has determined to be lacking in merit.

Plaintiffs' UDAP claims are **DISMISSED WITH LEAVE TO AMEND.**

## III. PLAINTIFFS' INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE CLAIMS

Plaintiffs allege that Defendant Deutsche Bank expedited the foreclosure of their Properties, by wrongfully concealing possible defects or unresolved complexities in the chain of title. Plaintiffs allege that Defendant intentionally interfered with their prospective economic advantages by depriving them of the ability to rent or sell their Properties during the time that it allegedly would have taken Defendant to properly establish its

right to foreclose upon the Properties. (Am. Compl. at ¶¶ 47, 51, ECF No. 44.)

An intentional interference with prospective economic advantage ("IIPEA") claim requires a plaintiff to establish:

(1) the existence of a valid business relationship or a prospective advantage or expectancy sufficiently definite, specific, and capable of acceptance in the sense that there is a reasonable probability of it maturing into a future economic benefit to the plaintiff;

(2) knowledge of the relationship, advantage, or expectancy by the defendant;

(3) a purposeful intent to interfere with the relationship, advantage, or expectancy;

(4) legal causation between the act of interference and the impairment of the relationship, advantage, or expectancy; and

(5) actual damages. <u>Bodell Construction Co. v. Ohio Pacific Tech, Inc.</u>, 458 F.Supp.2d 1153, 1163 (D. Haw. 2006)(quoting <u>Robert's Haw. Sch. Bus, Inc. v. Laupahoehoe Transp. Co.</u>, 982 P.2d 853, 887 (Haw. 1999), superseded by statute, Haw. Sess. Laws 2012, Act 229, § 2, as recognized in <u>Haw. Med. Ass'n v. Haw. Med. Servs. Ass'n</u>, 148 P.3d 1179, 1208 (2006)).

In <u>Lowther v. U.S. Bank N.A.</u>, the plaintiff argued that he had adequately met the first element by showing that the defendant had interfered with plaintiff's opportunity to rent or

36

sell the property. The court rejected the claim, as plaintiff had not alleged the expectancy as to the rental or sale of the property prior to the interfering conduct. A general allegation that a plaintiff was deprived of an economic opportunity is not sufficiently definite. The court dismissed the IIPEA claim with prejudice. <u>Lowther v. U.S. Bank N.A.</u>, No. 13-00235, 2013 WL 4777129, at *24-25 (D. Haw. Sept. 4, 2013).

Plaintiffs' Amended Complaint here similarly fails to allege a sufficiently definite prospective economic benefit, such as the rental or sale of the Plaintiffs' properties, prior to the Defendant's allegedly interfering conduct. The Amended Complaint also fails to allege that Defendant knew of a Plaintiff's prospective economic use of their Properties, or acted with a purposeful intent to interfere with that prospective economic advantage. Plaintiffs have failed to allege that Defendant improperly expedited the foreclosure of their Properties, or otherwise acted wrongfully.

Plaintiffs, in their Opposition, additionally concede that Plaintiffs Mauch and Dean's claims for IIPEA fall outside the two-year statute of limitations. (Opp. at pg. 37 n.18, ECF No. 68.)

Plaintiffs' IIPEA claims are **DISMISSED WITH PREJUDICE.**

## IV.   PLAINTIFFS' UNCLEAN HANDS/TORTFEASOR CONDUCT AGAINST PUBLIC POLICY CLAIM

The Amended Complaint alleges that Defendant is liable for "unclean hands/tortfeasor conduct against public policy." (Am. Compl. at ¶ 51, ECF No. 44.)

Defendant's Motion to Dismiss raises the issue that Hawaii law does not recognize such a claim. (Motion to Dismiss at pg. 33, ECF No. 62.) Plaintiffs offer no support for the position that "unclean hands/tortfeasor conduct against public policy" is a separate cause of action.

The Court finds no support for such a cause of action. Plaintiffs' claims for unclean hands/tortfeasor conduct against public policy are **DISMISSED WITH PREJUDICE**.


## V.   LEAVE TO AMEND

Defendant claims that Plaintiffs may only bring suit against Defendant in its capacity as a trustee, and not in its individual capacity. (Motion at pg. 42, ECF No. 62.) Defendant further claims that Plaintiffs lack standing to assert claims against Defendant as trustee for any trust other than the trusts that owned and held Plaintiffs loans. (Motion at pg. 43, ECF No. 62.)

Plaintiffs' allegations are based entirely on Deutsche Bank's actions as trustee for the particular trust which foreclosed upon each Plaintiff's Property. Plaintiffs are limited to bringing suit against Defendant in its trustee capacity. The

38

Court need not address any claim implicating a trust unrelated to Plaintiffs' mortgages, as the claims of class members other than the named Plaintiffs are not currently before the court. <u>Lima v. Deutsche Bank Nat. Trust Co.</u>, CIV. 12-00509 SOM/RL, 2013 WL 1856255 (D. Haw. Apr. 30, 2013).

Plaintiffs may propose an Amended Complaint against Defendant Deutsche Bank, in its trustee capacity, alleging a UDAP claim, within the limits specified by this Order. Plaintiffs may file a Proposed Amended Complaint by March 31, 2014.

<u>**CONCLUSION**</u>

Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint (ECF No. 62) is **GRANTED.**

1.  Plaintiffs' WRONGFUL FORECLOSURE claims are **DISMISSED WITH PREJUDICE.**

2.  Plaintiffs' HAWAII UNFAIR DECEPTIVE TRADE PRACTICES ACT claims are **DISMISSED WITH LEAVE TO AMEND.**

    a.  If Plaintiffs elect to include a UDAP claim in an amended complaint, Plaintiffs must comply with the heightened pleading requirement of Federal Rule of Civil Procedure 9(b) in alleging a violation of Haw. Rev. Stat. Ch. 480, specifying the time, place and content of the fraudulent

39

representation. Plaintiffs must also allege how they were injured and proof of damages.

b.   Plaintiffs' UDAP claims cannot be based on any alleged failure by Defendant to refer to the securitization process in the recorded assignments or in filings related to the non-judicial foreclosures of Plaintiffs' Properties. Plaintiffs' UDAP claims also cannot be based on the allegation that the assignment was unauthorized by the Liquidation Trustee in the New Century bankruptcy proceedings.

3.   Plaintiffs' INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE claims are **DISMISSED WITH PREJUDICE.**

4.   Plaintiffs' UNCLEAN HANDS/TORTFEASOR CONDUCT AGAINST PUBLIC POLICY claims are **DISMISSED WITH PREJUDICE.**

//

//

//

//

//

//

//

Plaintiffs may file a Proposed Amended Complaint, alleging a UDAP claim, against Deutsche Bank, in its trustee capacity, by March 31, 2014.


        IT IS SO ORDERED.

        DATED:         Honolulu, Hawaii, February 27, 2014.



                        /s/ Helen Gillmor
                        _____

                        Helen Gillmor
                        United States District Judge

_____

**KARL P. LIZZA, GARY L. DEAN, JOHN J. MAUCH, individually and on behalf of all others similarly situated v. DEUTSCHE BANK NATIONAL TRUST COMPANY and DOE DEFENDANTS 1-50,** Civ. No. 13-00190 HG-BMK; Order Granting Motion by Defendant Deutsche Bank National Trust Company to Dismiss Plaintiffs' First Amended Complaint (ECF No. 62) With Leave to Amend