IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KARL P. LIZZA, GARY L. DEAN, JOHN J. MAUCH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY and DOE DEFENDANTS 1-50,<br><br>Defendants. | ) CIV. NO. 13-00190 HG-BMK<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING MOTION BY DEFENDANT DEUTSCHE BANK NATIONAL
TRUST COMPANY TO STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT
(ECF No. 78)
AND
DISMISSING THE CASE WITH PREJUDICE**

Plaintiffs, individually and on behalf of all others similarly situated, brought suit against Defendant Deutsche Bank National Trust Company. Plaintiffs allege that Defendant engaged in improper and deceptive practices related to the non-judicial foreclosures of Plaintiffs' Properties. The case was filed as a putative class action, but has not yet progressed to certification.

On February 27, 2014, the Court issued an Order Granting Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint. The Court permitted Plaintiffs leave to amend their claims for violations of the Hawaii Unfair and Deceptive Trade Practices Act, Haw. Rev. Stat. Ch. 480, within limits set forth by the Order. (ECF No. 73.)

On March 31, 2014, Plaintiffs filed a Second Amended Complaint. (ECF No. 75.)

Defendant moves to strike and/or clarify Plaintiffs' Second Amended Complaint. (ECF No. 78.) Defendant's Motion is **GRANTED**.

The case is **DISMISSED WITH PREJUDICE**.

## PROCEDURAL HISTORY

On March 12, 2013, Plaintiffs Karl P. Lizza, Gary L. Dean, and John J. Mauch, individually and on behalf of others similarly situated, filed a Complaint in the Circuit Court of the First Circuit of the State of Hawaii.

On April 22, 2013, Defendant Deutsche Bank National Trust Company removed the action to the Hawaii Federal District Court. (ECF No. 1.)

On May 22, 2013, Plaintiffs filed a Motion for Remand. (ECF No. 34.)

On June 3, 2013, Defendant filed a Motion to Dismiss. (ECF No. 39.)

On June 24, 2013, while the Motion for Remand and Motion to Dismiss were pending, Plaintiffs filed a First Amended Complaint. (ECF No. 44.) The filing of the First Amended Complaint mooted the Motion to Dismiss. (Minute Order, Sept. 24, 2013, ECF No. 60.) The Court set Defendant's deadline for responding to the First Amended Complaint at twenty days after the decision on the Motion for Remand. (Minute Order, Jul. 3, 2013, ECF No. 51.)

On September 24, 2013, the Motion for Remand was denied, as the Class Action Fairness Act provided for federal jurisdiction over the action. (ECF No. 59.)

On October 15, 2013, Defendant timely filed a Motion to Dismiss the First Amended Complaint. (ECF No. 62.)

On February 27, 2014, the Court granted Defendant's Motion to Dismiss. The Court permitted Plaintiffs to amend their claims for violation of the Hawaii Unfair and Deceptive Trade Practices Act, Haw. Rev. Stat. Ch. 480. (ECF No. 73.)

On March 31, 2014, Plaintiffs filed a Second Amended Complaint. (ECF No. 75.)

On April 8, 2014, Defendant filed a "Motion to Strike and/or Clarify Regarding Plaintiffs' Purported 'Second Amended Complaint.'" (ECF No. 78.)

On April 24, 2014, Plaintiffs filed an Opposition. (ECF No. 83.)

On May 1, 2014, Defendant filed a Reply. (ECF No. 84.)

On June 9, 2014, Defendant filed Supplemental Authority in support of its Motion. (ECF No. 91.)

Defendant's Motion shall be decided without a hearing, pursuant to Local Rule 7.2(d).


## BACKGROUND


Plaintiffs Karl P. Lizza, Gary L. Dean, and John J. Mauch brought a putative class action against Defendant Deutsche Bank National Trust Company ("Deutsche Bank"), arising from Deutsche Bank's non-judicial foreclosure of Plaintiffs' Properties. Plaintiffs challenge the validity of the assignments of their mortgages and/or notes from subsidiaries of New Century Financial Corporation (the original mortgagee) to Deutsche Bank securitized trusts. Plaintiffs claim that the assignments were "false" and could not be used to establish Deutsche Bank's right to foreclose.

Plaintiffs' initial Complaint, filed on March 12, 2013, challenged the assignments on the ground that the written assignments were executed and recorded in the Hawaii Bureau of Conveyances after a Liquidating Trustee had been appointed in the New Century Financial Corporation bankruptcy proceedings. Plaintiffs alleged that the assignments lacked the required approval of the Liquidation Trustee. (ECF No. 1.)

On June 25, 2013, Plaintiffs filed a First Amended Complaint, alleging claims against Deutsche Bank for:

(1)     wrongful foreclosure,

(2)     violation of the Hawaii Unfair and Deceptive Practices Act, Haw. Rev. Stat. Ch. 480, and

(3)     intentional interference with prospective economic advantage, and

(4)  "unclean hands/tortfeasor conduct against public policy."

The claims were all based on the allegedly unlawful assignments recorded in the Hawaii Bureau of Conveyances. Plaintiffs re-alleged their theory that the assignments lacked the approval of the Liquidation Trustee. Plaintiffs alternatively alleged that, if their mortgages and/or notes were securitized and assigned to Deutsche Bank trusts prior to the appointment of the Liquidation Trustee, the recorded

5

assignments wrongfully fail to reflect the securitization process, by which Deutsche Bank actually received Plaintiff's mortgages and/or notes. (Am. Compl., ECF No. 44.)

On February 27, 2014, after extensive briefing and oral argument, the Court dismissed all of Plaintiffs' claims. Plaintiffs' wrongful foreclosure claim was dismissed with prejudice. The Court held that Plaintiffs lacked standing to challenge the assignments. The Court also held that Deutsche Bank was not required to name intermediary assigning entities or otherwise refer to the securitization process in the assignments recorded in the Bureau of Conveyances or filings related to the non-judicial foreclosures. Deutsche Bank's mortgagee status did not depend on the recording of the assignments, as it held Plaintiffs' notes.

Plaintiffs' claims for violation of the Hawaii Unfair and Deceptive Trade Practices Act ("UDAP"), Haw. Rev. Stat. Ch. 480, was dismissed with leave to amend.     The Court held that Plaintiffs had failed to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). The Court limited the scope of an amended UDAP claim, ordering that it could not be based on an alleged violation of bankruptcy law, failure to refer to the securitization

process, or omission of intermediary assigning entities in the recorded assignments. (Order at 39-40, ECF No. 73.)

Plaintiffs' other claims asserted in the First Amended Complaint, intentional interference with prospective economic advantage and "unclean hands/tortfeasor conduct against public policy, were dismissed with prejudice. The UDAP claim was the only claim that was dismissed with leave to amend. (ECF No. 73.)

**ANALYSIS**

Plaintiffs' Second Amended Complaint purports to allege two causes of action, pursuant to the Hawaii Unfair and Deceptive Trade Practices Act ("UDAP"), Haw. Rev. Stat. Ch. 480.

Defendant moves to strike the Second Amended Complaint for failure to comply with the Court's Order Dismissing the First Amended Complaint. Defendant requests that the case be dismissed with prejudice.

**Count I: Defendant Deutsche Bank's Alleged Creation of "False" Recorded Assignments to Establish Itself as a Mortgagee and Persuade its Counsel to Handle the Foreclosures**

Count I of the Second Amended Complaint alleges that Deutsche Bank lacked endorsed copies of Plaintiffs' notes, and

had to create the assignments recorded in the Hawaii Bureau of
Conveyances to establish its right to foreclose. According to
Plaintiffs, the assignments were created to persuade Deutsche
Bank's Counsel to handle the foreclosures of the Properties.
Plaintiffs continue to allege that the recorded assignments
were "false" because they do not reflect the securitization of
Plaintiffs' mortgages and/or notes.

Plaintiffs' allegations run afoul of the rulings in the
Court's previous Order, issued on February 27, 2014. As set
forth in pages 15 through 30 of the previous Order (ECF No.
73), Defendant's mortgagee status did not depend on the
recorded assignments. It was not unlawful for Defendant to
record the assignments in anticipation of foreclosure, as
opposed to at the time of the actual transfers. The
assignments did not need to reflect the securitization process
or establish a complete chain of custody. See Bateman v.
Countrywide Home Loans, No. 12-00033, 2012 WL 5593228 (D. Haw.
Nov. 14, 2012); In re Wright, No. 10-CR-03893, 2012 WL 27500
(Bank. D. Haw. Jan 5, 2012); Miller v. Deutsche Bank Trust
Co., No. 11-00264, 2011 WL 1750741 (D. Haw. May 5, 2011).

Count I of the Second Amended Complaint is an attempt to
articulate a theory that has been foreclosed by the Court's

previous rulings. Count I is **DISMISSED WITH PREJUDICE**.

**Count II: Offering Sale of Properties by Quitclaim Deed**

Count II of the Second Amended Complaint alleges that Deutsche Bank was obligated to sell Plaintiffs' Properties on the best reasonable terms. Plaintiffs claim that Deutsche Bank violated that obligation by advertising, in the Notices of Intent to Foreclose, that the Properties would be sold by quitclaim deed.

Plaintiffs' quitclaim deed theory was not contemplated by any of the previous complaints or filings in this case. The quitclaim deed theory was the subject of the case of Lima v. Deutsche Bank National Trust Co., No. 12-00509 SOM-RLP, also brought by Plaintiffs' Counsel here. The Lima case was assigned to another district judge in this jurisdiction. Defendant, in Lizza, moved for reassignment of the Lizza action to the district judge who was assigned the Lima case. Plaintiffs' Counsel, in opposing reassignment, specifically differentiated the Lizza and Lima subject matters, as follows:

> The Lima Action relates to the improper marketing methods used by Deutsche to advertise the foreclosure auctions–such as the (false) advertisement that the sales of the properties would be by "quitclaim" conveyance . . . .
> By contrast, the Lizza Action has nothing to do with procedures followed at auctions . . . the Lizza Plaintiffs are challenging Deutsche's right to foreclose.

(Opp. to Reassignment at 3-4, ECF No. 38.)

The quitclaim deed theory asserted in the Second Amended Complaint here has been rejected in <u>Lima v. Deutsche Bank Nat. Trust Co.</u>, 943 F. Supp. 2d 1093, 1100 (D. Haw. 2013), as amended (May 6, 2013), which jointly ruled on the claims in <u>Gibo v. U.S. Bank N.A.</u>, No. 12-00514 SOM-RLP, and in <u>Bald v. Wells Fargo Bank</u>, No. 13-00135, 2013 WL 3864449 (D. Haw. July 25, 2013).

The claim alleged in Count II of the Second Amended Complaint exceeds the scope of amendment permitted by the Court's previous Order (ECF No. 73). It is also duplicative of the claim raised and rejected in <u>Lima</u>. For the reasons articulated in <u>Lima</u>, 943 F. Supp. 2d 1093 (D. Haw. 2013), Count II is **DISMISSED WITH PREJUDICE**.


**DISMISSAL WITH PREJUDICE**

Pursuant to Federal Rule of Civil Procedure 15(a), a court should grant leave to amend a complaint "unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607 (9th Cir. 1992).

10

The case has been pending for over a year, and two previous Complaints have been filed. The Court issued an extensive Order dismissing Plaintiffs' First Amended Complaint, with detailed instructions as to the permitted scope of amendment. (ECF No. 73.)

Plaintiffs' Second Amended Complaint violates the Court's Order by re-alleging theories that have been foreclosed and otherwise exceeding the limitations on the permitted scope of amendment. Allowing further amendment to the claims put forward in the Second Amended Complaint would be futile, as Plaintiffs are unable to cure the deficiencies in their claims.

The case is **DISMISSED WITH PREJUDICE**.

//

//

//

//

//

//

//

**<u>CONCLUSION</u>**

Defendant's Motion to Strike Plaintiffs' Second Amended Complaint (ECF No. 78) is **GRANTED**. The case is **DISMISSED WITH PREJUDICE.**

The Clerk of the Court is **ORDERED** to close the case. IT IS SO ORDERED.

DATED:          Honolulu, Hawaii, July 3, 2014.



\_/s/ Helen Gillmor_____

Helen Gillmor
United States District Judge

—

_____

**KARL P. LIZZA, GARY L. DEAN, JOHN J. MAUCH, individually and on behalf of all others similarly situated v. DEUTSCHE BANK NATIONAL TRUST COMPANY and DOE DEFENDANTS 1-50,** Civ. No. 13-00190 HG-BMK; ORDER GRANTING MOTION BY DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY TO STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT (ECF No. 78) AND DISMISSING THE CASE WITH PREJUDICE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KARL P. LIZZA, GARY L. DEAN, JOHN J. MAUCH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY and DOE DEFENDANTS 1-50,<br><br>Defendants. | CIV. NO. 13-00190 HG-BMK |

**ORDER GRANTING MOTION BY DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY TO STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT (ECF No. 78)**
**AND**
**DISMISSING THE CASE WITH PREJUDICE**

Plaintiffs, individually and on behalf of all others similarly situated, brought suit against Defendant Deutsche Bank National Trust Company. Plaintiffs allege that Defendant engaged in improper and deceptive practices related to the non-judicial foreclosures of Plaintiffs' Properties. The case was filed as a putative class action, but has not yet progressed to certification.

On February 27, 2014, the Court issued an Order Granting Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint. The Court permitted Plaintiffs leave to amend their claims for violations of the Hawaii Unfair and Deceptive Trade Practices Act, Haw. Rev. Stat. Ch. 480, within limits set forth by the Order. (ECF No. 73.)

On March 31, 2014, Plaintiffs filed a Second Amended Complaint. (ECF No. 75.)

Defendant moves to strike and/or clarify Plaintiffs' Second Amended Complaint. (ECF No. 78.) Defendant's Motion is **GRANTED**.

The case is **DISMISSED WITH PREJUDICE**.

## PROCEDURAL HISTORY

On March 12, 2013, Plaintiffs Karl P. Lizza, Gary L. Dean, and John J. Mauch, individually and on behalf of others similarly situated, filed a Complaint in the Circuit Court of the First Circuit of the State of Hawaii.

On April 22, 2013, Defendant Deutsche Bank National Trust Company removed the action to the Hawaii Federal District Court. (ECF No. 1.)

On May 22, 2013, Plaintiffs filed a Motion for Remand. (ECF No. 34.)

On June 3, 2013, Defendant filed a Motion to Dismiss. (ECF No. 39.)

On June 24, 2013, while the Motion for Remand and Motion to Dismiss were pending, Plaintiffs filed a First Amended Complaint. (ECF No. 44.) The filing of the First Amended Complaint mooted the Motion to Dismiss. (Minute Order, Sept. 24, 2013, ECF No. 60.) The Court set Defendant's deadline for responding to the First Amended Complaint at twenty days after the decision on the Motion for Remand. (Minute Order, Jul. 3, 2013, ECF No. 51.)

On September 24, 2013, the Motion for Remand was denied, as the Class Action Fairness Act provided for federal jurisdiction over the action. (ECF No. 59.)

On October 15, 2013, Defendant timely filed a Motion to Dismiss the First Amended Complaint. (ECF No. 62.)

On February 27, 2014, the Court granted Defendant's Motion to Dismiss. The Court permitted Plaintiffs to amend their claims for violation of the Hawaii Unfair and Deceptive Trade Practices Act, Haw. Rev. Stat. Ch. 480. (ECF No. 73.)

On March 31, 2014, Plaintiffs filed a Second Amended Complaint. (ECF No. 75.)

On April 8, 2014, Defendant filed a "Motion to Strike and/or Clarify Regarding Plaintiffs' Purported 'Second Amended Complaint.'" (ECF No. 78.)

On April 24, 2014, Plaintiffs filed an Opposition. (ECF No. 83.)

On May 1, 2014, Defendant filed a Reply. (ECF No. 84.)

On June 9, 2014, Defendant filed Supplemental Authority in support of its Motion. (ECF No. 91.)

Defendant's Motion shall be decided without a hearing, pursuant to Local Rule 7.2(d).

## BACKGROUND

Plaintiffs Karl P. Lizza, Gary L. Dean, and John J. Mauch brought a putative class action against Defendant Deutsche Bank National Trust Company ("Deutsche Bank"), arising from Deutsche Bank's non-judicial foreclosure of Plaintiffs' Properties. Plaintiffs challenge the validity of the assignments of their mortgages and/or notes from subsidiaries of New Century Financial Corporation (the original mortgagee) to Deutsche Bank securitized trusts. Plaintiffs claim that the assignments were "false" and could not be used to establish Deutsche Bank's right to foreclose.

Plaintiffs' initial Complaint, filed on March 12, 2013, challenged the assignments on the ground that the written assignments were executed and recorded in the Hawaii Bureau of Conveyances after a Liquidating Trustee had been appointed in the New Century Financial Corporation bankruptcy proceedings. Plaintiffs alleged that the assignments lacked the required approval of the Liquidation Trustee. (ECF No. 1.)

On June 25, 2013, Plaintiffs filed a First Amended Complaint, alleging claims against Deutsche Bank for:

(1)     wrongful foreclosure,

(2)     violation of the Hawaii Unfair and Deceptive Practices Act, Haw. Rev. Stat. Ch. 480, and

(3)     intentional interference with prospective economic advantage, and

(4)  "unclean hands/tortfeasor conduct against public policy."

The claims were all based on the allegedly unlawful assignments recorded in the Hawaii Bureau of Conveyances. Plaintiffs re-alleged their theory that the assignments lacked the approval of the Liquidation Trustee. Plaintiffs alternatively alleged that, if their mortgages and/or notes were securitized and assigned to Deutsche Bank trusts prior to the appointment of the Liquidation Trustee, the recorded

assignments wrongfully fail to reflect the securitization process, by which Deutsche Bank actually received Plaintiff's mortgages and/or notes. (Am. Compl., ECF No. 44.)

On February 27, 2014, after extensive briefing and oral argument, the Court dismissed all of Plaintiffs' claims. Plaintiffs' wrongful foreclosure claim was dismissed with prejudice. The Court held that Plaintiffs lacked standing to challenge the assignments. The Court also held that Deutsche Bank was not required to name intermediary assigning entities or otherwise refer to the securitization process in the assignments recorded in the Bureau of Conveyances or filings related to the non-judicial foreclosures. Deutsche Bank's mortgagee status did not depend on the recording of the assignments, as it held Plaintiffs' notes.

Plaintiffs' claims for violation of the Hawaii Unfair and Deceptive Trade Practices Act ("UDAP"), Haw. Rev. Stat. Ch. 480, was dismissed with leave to amend. The Court held that Plaintiffs had failed to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). The Court limited the scope of an amended UDAP claim, ordering that it could not be based on an alleged violation of bankruptcy law, failure to refer to the securitization

process, or omission of intermediary assigning entities in the recorded assignments. (Order at 39-40, ECF No. 73.)

Plaintiffs' other claims asserted in the First Amended Complaint, intentional interference with prospective economic advantage and "unclean hands/tortfeasor conduct against public policy, were dismissed with prejudice. The UDAP claim was the only claim that was dismissed with leave to amend. (ECF No. 73.)

**ANALYSIS**

Plaintiffs' Second Amended Complaint purports to allege two causes of action, pursuant to the Hawaii Unfair and Deceptive Trade Practices Act ("UDAP"), Haw. Rev. Stat. Ch. 480.

Defendant moves to strike the Second Amended Complaint for failure to comply with the Court's Order Dismissing the First Amended Complaint. Defendant requests that the case be dismissed with prejudice.

**Count I: Defendant Deutsche Bank's Alleged Creation of "False" Recorded Assignments to Establish Itself as a Mortgagee and Persuade its Counsel to Handle the Foreclosures**

Count I of the Second Amended Complaint alleges that Deutsche Bank lacked endorsed copies of Plaintiffs' notes, and

had to create the assignments recorded in the Hawaii Bureau of Conveyances to establish its right to foreclose. According to Plaintiffs, the assignments were created to persuade Deutsche Bank's Counsel to handle the foreclosures of the Properties. Plaintiffs continue to allege that the recorded assignments were "false" because they do not reflect the securitization of Plaintiffs' mortgages and/or notes.

Plaintiffs' allegations run afoul of the rulings in the Court's previous Order, issued on February 27, 2014. As set forth in pages 15 through 30 of the previous Order (ECF No. 73), Defendant's mortgagee status did not depend on the recorded assignments. It was not unlawful for Defendant to record the assignments in anticipation of foreclosure, as opposed to at the time of the actual transfers. The assignments did not need to reflect the securitization process or establish a complete chain of custody. See Bateman v. Countrywide Home Loans, No. 12-00033, 2012 WL 5593228 (D. Haw. Nov. 14, 2012); In re Wright, No. 10-CR-03893, 2012 WL 27500 (Bank. D. Haw. Jan 5, 2012); Miller v. Deutsche Bank Trust Co., No. 11-00264, 2011 WL 1750741 (D. Haw. May 5, 2011).

Count I of the Second Amended Complaint is an attempt to articulate a theory that has been foreclosed by the Court's

previous rulings. Count I is **DISMISSED WITH PREJUDICE.**

**Count II: Offering Sale of Properties by Quitclaim Deed**

Count II of the Second Amended Complaint alleges that Deutsche Bank was obligated to sell Plaintiffs' Properties on the best reasonable terms. Plaintiffs claim that Deutsche Bank violated that obligation by advertising, in the Notices of Intent to Foreclose, that the Properties would be sold by quitclaim deed.

Plaintiffs' quitclaim deed theory was not contemplated by any of the previous complaints or filings in this case. The quitclaim deed theory was the subject of the case of <u>Lima v. Deutsche Bank National Trust Co.</u>, No. 12-00509 SOM-RLP, also brought by Plaintiffs' Counsel here. The <u>Lima</u> case was assigned to another district judge in this jurisdiction. Defendant, in <u>Lizza</u>, moved for reassignment of the <u>Lizza</u> action to the district judge who was assigned the <u>Lima</u> case. Plaintiffs' Counsel, in opposing reassignment, specifically differentiated the <u>Lizza</u> and <u>Lima</u> subject matters, as follows:

> The <u>Lima</u> Action relates to the improper marketing methods used by Deutsche to advertise the foreclosure auctions–such as the (false) advertisement that the sales of the properties would be by "quitclaim" conveyance . . . .
> By contrast, the <u>Lizza</u> Action has nothing to do with procedures followed at auctions . . . the <u>Lizza</u> Plaintiffs are challenging Deutsche's right to foreclose.

(Opp. to Reassignment at 3-4, ECF No. 38.)

The quitclaim deed theory asserted in the Second Amended Complaint here has been rejected in <u>Lima v. Deutsche Bank Nat. Trust Co.</u>, 943 F. Supp. 2d 1093, 1100 (D. Haw. 2013), as amended (May 6, 2013), which jointly ruled on the claims in <u>Gibo v. U.S. Bank N.A.</u>, No. 12-00514 SOM-RLP, and in <u>Bald v. Wells Fargo Bank</u>, No. 13-00135, 2013 WL 3864449 (D. Haw. July 25, 2013).

The claim alleged in Count II of the Second Amended Complaint exceeds the scope of amendment permitted by the Court's previous Order (ECF No. 73). It is also duplicative of the claim raised and rejected in <u>Lima</u>.     For the reasons articulated in <u>Lima</u>, 943 F. Supp. 2d 1093 (D. Haw. 2013), Count II is **DISMISSED WITH PREJUDICE**.


**DISMISSAL WITH PREJUDICE**

Pursuant to Federal Rule of Civil Procedure 15(a), a court should grant leave to amend a complaint "unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607 (9th Cir. 1992).

The case has been pending for over a year, and two previous Complaints have been filed. The Court issued an extensive Order dismissing Plaintiffs' First Amended Complaint, with detailed instructions as to the permitted scope of amendment. (ECF No. 73.)

Plaintiffs' Second Amended Complaint violates the Court's Order by re-alleging theories that have been foreclosed and otherwise exceeding the limitations on the permitted scope of amendment. Allowing further amendment to the claims put forward in the Second Amended Complaint would be futile, as Plaintiffs are unable to cure the deficiencies in their claims.

The case is **DISMISSED WITH PREJUDICE**.


//

//

//

//

//

//

//

## CONCLUSION

Defendant's Motion to Strike Plaintiffs' Second Amended Complaint (ECF No. 78) is **GRANTED**. The case is **DISMISSED WITH PREJUDICE.**

The Clerk of the Court is **ORDERED** to close the case. IT IS SO ORDERED.

DATED:          Honolulu, Hawaii, July 3, 2014.



_/s/ Helen Gillmor_

Helen Gillmor
United States District Judge

---

**KARL P. LIZZA, GARY L. DEAN, JOHN J. MAUCH, individually and on behalf of all others similarly situated v. DEUTSCHE BANK NATIONAL TRUST COMPANY and DOE DEFENDANTS 1-50,** Civ. No. 13-00190 HG-BMK; ORDER GRANTING MOTION BY DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY TO STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT (ECF No. 78) AND DISMISSING THE CASE WITH PREJUDICE